ALEXANDER A. GOLDFARB *v.*
WALLACE H. BRAGG ET AL.

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE NO. 199127
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed November 29, 1983

*Halloran, Sage, Phelon & Hagarty,* for the plaintiff.
*Patrick J. Flaherty,* for the named defendant et al.

RIPLEY, J. In this matter, the plaintiff by his complaint of September 10, 1975 claims double or treble damages under the provisions of § 14-295 of the General Statutes. This statute permits the court to award double or treble damages to one injured in person or property by reason of another's failure to conform to certain numbered provisions of the statutes governing the use of the highway by vehicles.

The plaintiff alleged that the defendant operator violated § 14-240 of the General Statutes, vehicles to be driven a reasonable distance apart, and this allegation of the complaint has been found to have been proven by the jury's response to a special interrogatory in the trial on November 3, 1983 along with a verdict in favor of the plaintiff on the complaint in the amount of $7500.

Section 14-240 is one of the statutes included within the ambit of § 14-295 of the General Statutes.

Section 14-295 as indicated above is discretionary with the court.

As indicated in *Eustace* v. *Adley Express Co.,* 1 Conn. Sup. 58, 59 (1935), the imposition of the penalty of double or treble damages should be reserved for cases which involve offenses more serious than simple negligence. Such a penalty should be imposed only where the violation of the rules of the road has been deliberate or at least under conditions which indicate that the defendant was conducting himself with reckless disregard of the rights of others.

In instances where gross and culpable negligence on the part of the defendant is found, exemplary or punitive damages are appropriate for consideration by the trier. *Kearns* v. *Widman,* 94 Conn. 257, 259, 108 A. 661 (1919).

In this case the evidence before the court is that the defendant smelled of liquor and that he collided with

the automobile to the rear of the plaintiff's vehicle with sufficient impact to cause considerable damage and propelled that vehicle into the plaintiff's vehicle causing injuries and damage to the plaintiff. Additionally, the defendant pleaded guilty to reckless driving. The plea of guilty may be considered by the court as an admission by the defendant, but that plea is not totally dispositive of the issue of reckless conduct. It is to be considered with any other evidence as to the defendant's operation of his automobile prior to the collision, there is not sufficient evidence for the court to conclude that the operation of his vehicle was such as to constitute gross negligence with all that that term connotes.

Accordingly, the claim for exemplary damages is denied.