DANIEL JACK II *v.* WILLIAM SCANLON ET AL.
(3467)

HULL, BORDEN and SPALLONE, Js.

Argued May 9—decision released July 9, 1985

*Howard B. Field III,* for the appellants (defendants).

*Richard P. Weinstein,* for the appellee (plaintiff).

BORDEN, J. This appeal raises as its principal issues the propriety and constitutionality of an award of double damages pursuant to General Statutes § 14-295. The case arose from the following facts: The plaintiff was southbound on a highway divided by a median strip. The defendant,[1] driving a rented car, was northbound. At a break in the median, he prepared to make a left turn. In so doing, his car crossed into the southbound lane, in which the plaintiff was driving. The two cars collided. The plaintiff suffered injuries, and brought this

---

[1] The other defendant in this case was the corporation from which the named defendant rented the vehicle. We refer to the driver of the car as the defendant, although our decision affects both defendants.

action seeking compensatory damages. The plaintiff was permitted to amend his complaint, over the defendant's objection, to add claims for exemplary damages and double or treble damages pursuant to General Statutes § 14-295.

The defendant admitted negligence but not recklessness as alleged in the complaint. A hearing in damages was held and the jury awarded compensatory damages in the amount of $22,000. The award was accepted by the court. The court then considered the plaintiff's claim for damages pursuant to General Statutes § 14-295 upon the same evidence, and found that the defendant's conduct warranted an award of double the compensatory damages, increasing the damages to $44,000. The court also assessed exemplary damages, which the parties agreed would be one half of the jury's award of compensatory damages, or $11,000. The total recovery by the plaintiff was $55,000.

On appeal, the defendant challenges the propriety of the court's award of double damages pursuant to General Statutes § 14-295, and its consideration, when making that award, of evidence that the defendant was driving after drinking. The defendant further claims that General Statutes § 14-295 is unconstitutional because it lacks sufficient standards to guide the court in its decision whether to double or treble damages.[2] We find no error.

The court's application of General Statutes § 14-295 was proper. The statute permits the assessment of double or treble damages against "[e]ach person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, or 14-247, causes any injury to the person or property of another . . . if, in the discretion of the court in which any action is pending, double or treble damages are just . . . . "

---

[2] Three other issues were briefed by the defendant but were withdrawn at oral argument before this court.

The defendant admitted the allegations of the complaint which asserted liability. His liability, by those assertions, had numerous bases, including acts which amounted to a violation of General Statutes § 14-242 for which double or treble damages may be assessed pursuant to § 14-295, as well as other acts of negligence for which double or treble damages are not properly assessed. Since the defendant's admitted liability was based, in part, on a violation of one of the statutes mentioned in § 14-295, double or treble damages could properly be considered by the court.

The ultimate determination of damages pursuant to § 14-295, however, requires that liability be wholly based on a violation of one of the statutes enumerated. *Leone* v. *Knighton,* 196 Conn. 494, 496, 493 A.2d 887 (1985). This requirement is clearly enunciated in cases applying the general verdict rule, which prohibits this type of statutory damages if it is not clear from a jury's verdict that liability was found solely on a basis authorized by that statute. See *DeMilo* v. *West Haven,* 189 Conn. 671, 676, 458 A.2d 362 (1983); *Tillinghast* v. *Leppert,* 93 Conn. 247, 250, 105 A. 615 (1919); *Broschart* v. *Tuttle,* 59 Conn. 1, 8-9, 21 A. 925 (1890). This requirement is also founded on the principle that statutes imposing a penalty should be read strictly. *Dunbar* v. *Jones,* 87 Conn. 253, 256, 87 A. 787 (1913); *Cantor* v. *State Board of Electrical Examiners,* 3 Conn. App. 707, 710, 492 A.2d 194 (1985).

The requirement that the defendant's liability rest on a statutory foundation was met. The court found in its oral decision on the statutory damages that the evidence before it,[3] including the defendant's admis-

[3] The evidence heard by the court in this case was only that presented to the jury on the issue of damages. Although it would have been preferable for the parties to present evidence to the court specifically on the issue of liability where liability was admitted but where a more specific basis is required for the statutory damages; see *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 282, 472 A.2d 306 (1984); the parties did not

sion that he made a left turn without stopping for the plaintiff's approaching car, indicated that the specific basis of the defendant's liability was the violation of General Statutes § 14-242. This is one of the statutory violations listed in § 14-295 as a permissible basis for awarding double or treble damages. The court, therefore, properly went on to determine, pursuant to § 14-295, if this was a situation in which double or treble damages would be just.

Awards of double or treble damages under § 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather, such damages are assessed based on the degree of the defendant's culpability. *Cristilly* v. *Warner*, 87 Conn. 461, 469, 88 A. 711 (1913) (*Beach, J.,* dissenting), overruled on other grounds, *Daury* v. *Ferraro*, 108 Conn. 386, 143 A. 630 (1928); *Goldfarb* v. *Bragg*, 39 Conn. Sup. 228, 229, 475 A.2d 346 (1984); *Eustace* v. *Adley Express Co.*, 1 Conn. Sup. 58, 59 (1935). As aptly stated in *Eustace* v. *Adley Express Co.*, supra, and reiterated in *Goldfarb* v. *Bragg*, supra, "the imposition of the penalty of double or treble damages should be reserved for cases which involve offenses more serious than simple negligence. Such a penalty should be imposed only where the violation of the rules of the road has been deliberate or at least under conditions which indicate that the defendant was conducting himself with reckless disregard of the rights of others."

The court properly reviewed all the circumstances of the accident in order to determine whether the defendant's conduct was culpable enough to assess

request such a procedure and acquiesced in the more informal procedure followed by the trial court. Since the court's factual findings are not challenged on appeal and no transcript of the hearing in damages was filed for us to review those findings, we accept the court's determination of liability based on a violation of General Statutes § 14-242 even in the absence of a specific hearing on this issue.

damages against him. In doing so, the court correctly considered evidence of the defendant's drinking prior to the accident as one of the relevant circumstances. General Statutes § 14-295 does not limit the court's review solely to evidence of the acts which violated one of the statutes named in § 14-295 and brought that statute into play. Those acts must be the basis of the defendant's liability and thereby make the damages under § 14-295 available; they are not, however, the only events which the court may consider in determining whether to award double or treble damages. The statute permits the court to view the defendant's conduct as a whole to determine if such damages would be just. In this case, the court's determination to award double damages was based on the statutory violation of § 14-242, and on the evidence of the defendant's drinking before driving and failure to recollect events after the accident. The defendant has chosen not to file a transcript of the evidence. See footnote 3, supra. Thus, we have no basis on which to question the sufficiency of that evidence. We cannot say that, under these circumstances, the court's determination was an abuse of its discretion. See *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 296–97, 472 A.2d 306 (1984).

The defendant contends that § 14-295 is unconstitutional, however, because it fails to state adequate standards for the court to use in determining whether to award double or treble damages.[4] His burden, which

---

[4] The defendant's argument as stated in his brief is inartfully drafted and appears to rest on two grounds. The first is that the statute violates the equal protection clauses of the federal and Connecticut Constitutions; U.S. Const., amend. XIV, § 1; Conn. Const., art. I, § 20; by allowing plaintiffs similarly situated to recover differently depending on the court's views of what is just. The defendant, however, lacks standing to bring an equal protection claim on behalf of plaintiffs. *Shaskan* v. *Waltham Industries Corporation,* 168 Conn. 43, 49, 357 A.2d 472 (1975); *Shelby Mutual Ins. Co.* v. *Della Ghelfa,* 3 Conn. App. 432, 449, 489 A.2d 398 (1985), cert. granted,

is heavy; *Warner* v. *Leslie-Elliott Constructors, Inc.,* 194 Conn. 129, 135, 479 A.2d 231 (1984); is to show that, under the facts of this case, the statute does not provide adequate standards for the proper and consistent administration of the statute; see *State* v. *Pickering,* 180 Conn. 54, 59–60, 428 A.2d 322 (1980); and that those charged with its enforcement and administration are able by its terms to apply it on a subjective basis and in a discriminatory manner. See *Grayned* v. *Rockford,* 408 U.S. 104, 108–109, 92 S. Ct. 2294, 33 L. Ed. 2d 222 (1972). We conclude that he has not met this burden.

The defendant's observation that the language of the statute is broad and confers an imprecise standard on the court by permitting damages "if, in the discretion of the court . . . double or treble damages are just," is accurate. The lack of precision in a statute, in and of itself, however, is not enough to violate due process. *Roth* v. *United States,* 354 U.S. 476, 491, 77 S. Ct. 1304, 1 L. Ed. 2d 1498 (1957); *Seals* v. *Hickey,* 186 Conn. 337, 344, 441 A.2d 604 (1982); *State* v. *Anonymous,* 179 Conn. 155, 164, 425 A.2d 939 (1979). Statutes challenged on the basis that they lack adequate standards are construed with reference to "judicial opinions involving the statute, the common law, legal dictionaries or treatises." *State* v. *Perruccio,* 192 Conn. 154, 159, 471 A.2d 632 (1984); *State* v. *Pickering,* supra, 62–63. "Persons who may be affected by [a statute] should be able to determine what conduct or procedure on the part of the court that may affect them is permitted or required by reference to the wording of the statute together with whatever judicial gloss may be available to interpret its wording." *Seals* v. *Hickey,*

196 Conn. 805, 494 A.2d 903 (1985). We address his claim only on the second ground, in which he alleges an inadequate delegation of standards under the due process clauses of the federal and state constitutions. U.S. Const., amend XIV, § 1; Conn. Const., art. I, § 8.

supra. Our review of § 14-295 reveals that a judicial gloss has been added to it, which has created a sufficient standard to guide the courts.

As previously discussed, this statute has been applied, at both the trial and appellate levels, in a limited manner. A "more than mere negligence" standard has been created, based on the culpability of the defendant's conduct; *Cristilly* v. *Warner,* supra; *Goldfarb* v. *Bragg,* supra; *Eustace* v. *Adley Express Co.,* supra; which is reviewable for any claimed abuse.[5] See *Seals* v. *Hickey,* supra, 348. This judicially created standard precludes unlimited and arbitrary discretion by the court in its application of this statute. "Our case law over the years has delineated [the] parameters [of the court's discretion in applying the statute] in a manner amenable to the exercise of judicial power in the trial court, and, thereafter, to meaningful judicial review." Id., 349. This judicial gloss leads us to conclude that the statute is not unconstitutional for lack of adequate standards in its administration. See id; *State* v. *Pickering,* supra, 64; *Monroe* v. *Monroe,* 177 Conn. 173, 180, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); see also *Miller* v. *Schoene,* 276 U.S. 272, 281, 48 S. Ct. 246, 72 L. Ed. 2d 568 (1928).

There is no error.

In this opinion the other judges concurred.

---

[5] We note, in addition, that the broad standard in the statute invoking judicial discretion is itself reviewable; see *Montanaro Bros. Builders, Inc.* v. *Snow,* 4 Conn. App. 46, 54, 492 A.2d 223 (1985); and has been used as a basis with which to review this statute in the past. See *Gionfriddo* v. *Avis Rent A Car System, Inc.,* 192 Conn. 280, 296–97, 492 A.2d 306 (1984); *Dubreuil* v. *Waterman,* 84 Conn. 47, 53–54, 78 A. 721 (1911). " 'Discretion means "a legal discretion to be exercised in conformity with the spirit of the law and in a manner to subserve and not to impede or defeat the ends of substantial justice." ' " *Montanaro Bros. Builders, Inc.* v. *Snow,* supra. Since an authoritative judicial gloss has been placed on this statute by case law, specifying a more stringent standard which conforms to the spirit of this law and subserves justice, however, we need not decide whether the broad discretionary standard as set out in the statute is, by itself, constitutional.