[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (Pleading #107)
The following facts are alleged in the plaintiff's one count complaint. The plaintiff was involved in a car accident with a truck owned by the defendants and being driven by Turmel, Sr. The plaintiff alleges that the defendant operated the truck in six different negligent and careless ways. Paragraph seven of the complaint requests treble damages.
The defendants move to strike the claim for double or treble damages pursuant to Conn. Practice Book. 152.
The defendants argue in support of their motion to strike and in their supplemental memorandum that the plaintiff cannot recover double or treble damages under Conn. Gen. Stat. 14-295 because that statute has been declared unconstitutional for the period when it was in effect at the time of the accident. The defendants further argue that the new 14-295, which went into effect after the accident, does not apply retrospectively and, therefore, cannot be used by the plaintiff. The defendants also argue that the plaintiff did not properly allege sufficient facts to come under 14-295.
The plaintiff argues in opposition that the cases have held that 14-295 does not apply until damages are awarded and since 14-295 will probably be constitutional when and if damages are awarded, it will apply to her case.
The decisions are split on the issue of whether 14-295
should apply to present cases which are based upon accidents that happened prior to the enactment of the current 14-295. This Court need not reach that issue.
 Sec. 14-295. Double or treble damages for persons injured as a result of certain traffic violations. In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
Conn. Gen. Stat. 14-295. CT Page 298
 We have long recognized certain rules governing actions seeking to recover double or treble damages under 14-295 of the General Statutes. We require that the complaint clearly state such facts as will bring the case within the provisions of the statute. Additionally, we require that the claim for relief be specifically based upon the statutory remedy. We also require the proof to indicate that the verdict was necessarily founded upon a violation of the statute authorizing the extraordinary damages And we have held that it must clearly appear that the jury found for the plaintiff under the statutory cause of action authorizing these extraordinary damages, and not for any other alleged cause of action.
Leone v. Knighton, 196 Conn. 494, 496 (1985).
 The ultimate determination of damages pursuant to 14-295, however, requires that liability be wholly based on a violation of one of the statutes enumerated. This requirement is clearly enunciated in cases applying the general verdict rule, which prohibits this type of statutory damages if it is not clear from a jury's verdict that liability was found solely on a basis authorized by that statute.
Jack v. Scanlon, 4 Conn. App. 451, 454 (1985).
The plaintiff's one count complaint alleges six different negligent acts on the part of the defendants. Only two of these acts may fall within the statute enumerated in14-295. In Leone, the plaintiff filed a one count complaint that alleged "several different acts in the operation of the defendant's automobile as negligence which caused the injuries for which this action was brought. Leone,196 Conn. at 496-97. The court held that there were no facts sufficient enough to clearly bring the plaintiff's claim within the boundaries of the statute. The complaint in this action follows a similar demise. The one count alleges some negligent acts which are outside the statute and which may become the basis for a jury verdict. For a claim for double or treble damages, the jury verdict must be based solely on a statutory violation.
Furthermore, "[a]wards of double or treble damages under 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. CT Page 299 Rather, such damages are assessed based on the degree of the defendant's culpability. . . . The imposition of the penalty of double or treble damages should be reserved for cases which involve offenses more serious than simple negligence. Such a penalty should be imposed only where the violation of the rules of the road has been deliberate or at least under conditions which indicate that the defendant was conducting himself with reckless disregard of the rights of others. Jack v. Scanlon, 4 Conn. App. 451, 455 (1985).
The defendant's conduct alleged by the plaintiff was negligence and carelessness.
The defendants' motion to strike the double and treble damages is granted. Since this is only a one count complaint and that the request for double or treble damages is inclusive as a paragraph of such, then the whole complaint must be stricken. Conn. Practice Bk. 152.
FRANK S. MEADOW, J.