[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
While there are multiple counts in the complaint, the main claim is for injuries sustained in a collision involving a truck operated by the defendant Robert S. Sebas. The defendants Robert S. Sebas and Robert J. Sebas filed a special defense claiming "a credit for any collateral source payments made to plaintiffs by any third party payors pursuant to the provisions of section 52-225a, section 52-225b
and section 52-225c." The plaintiffs have filed a motion to strike the special defense on the ground that it is neither a proper special defense or setoff and that reduction for collateral sources should not be pleaded. The defendants claim that they are entitled to plead section 52-225a
of the General Statutes, which allows the court to set off collateral source payments after the trial, and that failure to allow evidence of collateral source payments at the trial pursuant to the special defense denies a plaintiff the constitutional right to a jury trial conferred by Article First section 9 of the Connecticut Constitution. CT Page 1571
A motion to strike can be used to test the legal sufficiency of any special defense contained in the answer. Section 152(5) Connecticut Practice Book; Nowak v. Nowak,175 Conn. 112, 116. Sections 52-225a, 52-225b and 52-225c C.G.S. were all enacted initially as part of Public Act 85-574. Those statutes were amended by Public Act 86-338 andPublic Act 87-227. The motor vehicle collision occurred on September 7, 1989, and the amended statutes apply to this case. Section 52-225b defines collateral sources. Section 52-225a provides that after damages are awarded by the trier of fact the court makes certain specified deductions from the award of damages after hearing evidence on the amounts received by the claimant from collateral sources. (Section52-225c limits the right of recovery of any person providing collateral source payments unless otherwise provided by law, and it clearly is not a defense to an action by a plaintiff to recover for personal injuries and property damage.) This leaves the question of whether a defendant can claim the credits allowed in section 52-225a for collateral source payments as defined in section 52-225b in a special defense. A special defense is used to obtain admission of evidence which is consistent with the plaintiff's case but which tends to destroy the cause of action. Pawlinski v. Allstate Insurance Co., 165 Conn. 1, 6.
Until section 52-225a was enacted in 1985 the collateral source rule had existed for a long time in Connecticut and a majority of other states. Gorham v. Farmington Motor Inn, Inc., 159 Conn. 576, 579, 580 and cases cited therein. While section 52-225a eliminates the collateral source rule in some cases, it provides that credits for collateral source payments are considered by the court after damages are awarded by the trier. A special defense to a complaint is raised for the purpose of offering evidence at the time of trial, and is unnecessary to obtain the benefits allowed by section 52-225a. Section 52-225a indirectly precludes evidence at the trial on collateral source payments to reduce damages, and is not a valid special defense. Several Superior Court decisions have considered this issue and have held that setoffs or reductions based on the statute cannot be raised as a special defense. See Wiggins v. Johnson, 16 Conn. Law Trib. 9 (1990); Zabaja v. Guerrera, 1 CtLR 23,16 Conn. Law Trib. 15 (1990); Sabol v. Mancini, 16 Conn. Law Trib. 30 (1990); Zujewski v. Allen, 2 CtLR 46 (1990).
The defendants contend that allowing the court to make a reduction for collateral sources after the trial infringes upon the constitutional right to have the collateral source rule applied by the trier of fact, which would be a jury where the case is claimed to the jury trial list. The CT Page 1572 defendants rely upon Bishop v. Kelly, 206 Conn. 608, 618-621, where it was held that section 14-295 of the General Statutes, allowing double or treble damages to be awarded by the court only after the jury rendered its verdict, violated the right to a jury trial under the state constitution. Article First section 19 of the Connecticut Constitution provides that "the right of trial by jury shall remain inviolate". This constitutional provision has been consistently construed by the Connecticut courts to mean that if there was a right to a trial by jury at the time of the adoption of the Constitution in 1818 that the right to a jury trial remains. Skinner v. Angliker, 211 Conn. 370, 374; Bishop v. Kelly, supra, 618; Swasson v. Boschen, 143 Conn. 159,165. The right to a jury trial exists not only in cases which existed at common law and at the time of the adoption of the Constitution, but also for cases which are substantially similar to them. Skinner v. Angliker, supra, 374; Swasson v. Boschen, supra, 165.
The defendants' constitutional argument fails here because there was no common law right to obtain credits for collateral source payments in 1818, and the right did not exist until section 52-225a was passed in 1985. The right to a reduction of damages for collateral source payments is not based on a contractual or tort theory of recovery and the plaintiffs have not shown that it is similar to a right of recovery which existed in 1818 under the common law or by statute. The situation here differs from Bishop v. Kelly, supra, where the historical origins of section 14-295 existed prior to 1818. Id., 618, 619.
In Bishop the critical factor was not the type of case involved (a motor vehicle collision resulting in a negligence claim) but the fact that a 1797 statute allowed the jury to award treble damages for a similar cause of action.
The motion to strike the special defense is granted.
ROBERT A. FULLER, JUDGE