[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER (re#124)
After hearing held on defendant's motion to strike, it is hereby ORDERED:
The court adopts the finding of Judge Cioffi expressed in Clamage v. Aetna Casualty and Surety Company,1 Conn. L. Rptr. 529, 530 (1990):
 "The use of the word `defendant' in Jack v. Scanlon, [4 Conn. App. 451 (1990),] as well as the. . .legislative history of 14-295
indicates that the language `another party' as used in 14-295 refers to a party to the suit in which the injured party seeks damages. Therefore, the plaintiff's allegations of negligence, carelessness and statutory violations of [Oullette], who is not a party to the suit, do not entitle the plaintiff to demand double and treble damages from the defendant Aetna."
If the plaintiff has a right to the recovery of double or treble damages, it is by virtue of the language of 14-295 of the Statutes which, in the instant context, permits such recovery against the culpable "party", viz., Donna L. Oullette. Since Oullette is not a party to this action, the statute is inoperative, and no such recovery may be had against the named defendant.
The motion is granted.
GAFFNEY, J.