[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The plaintiff has filed a motion to strike the first and second special defenses to both counts of the complaint. A motion to strike can be used to challenge the legal sufficiency of a special defense. Section 152(5) of the Connecticut Practice Book. While a motion to strike admits all facts well pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108; Blancato v. Feldspar Corporation, 203 Conn. 34, 36, 37. The first count of the complaint is for negligence in the operation of a motor vehicle. In the second count, the plaintiff alleges that the named defendant operated her vehicle recklessly and in reckless disregard for the safety of others in violation of certain specified statutes. The apparent purpose of the second count is to try to claim double or treble damages under section 14-295 of the General Statutes.
The first special defense to both counts of the complaint claims a reduction for any amounts that the plaintiff obtained from collateral sources pursuant to section 52-225a of the General Statutes. Absent a statutory provision, the rule in Connecticut and the majority of other states is that payments made to a plaintiff from collateral sources cannot be deducted or credited against damages which a plaintiff can recover from a negligent defendant. Gorham v. Farmington Motor Inn, Inc., 159 Conn. 576, 579, 580, and CT Page 1513 cases cited therein. While section 52-225a of the General Statutes eliminates the collateral source rule in some cases, credits for collateral source payments are considered by the court after the plaintiff's damages are determined by the trier. Set-offs or reductions based on the statute cannot be raised as a special defense. Whitely v. Sebas, 6 CSCR 372
(1991). Since there is no common law right to deduct collateral source payments, section 52-225a is not a valid special defense to either the first or second count of the complaint.
While the plaintiff characterizes the second special defense as assumption of the risk, it is primarily a comparative negligence defense. It alleges in part that the plaintiff's recovery should be barred or diminished due to her participation in the risk in that she elected to become a passenger when she knew or should have known that the defendant was impaired in her ability to operate the motor vehicle. There are also allegations that the plaintiff negligently rode as a passenger and participated in the decision of who would operate the motor vehicle. The motion to strike is based solely on the assumption of the risk defense, and does not address the question whether by electing to be a passenger in a motor vehicle a party can be guilty of contributory negligence.
Section 52-572h of the General Statutes covers the contributory negligence defense in a negligence action. Subsection (1) provides that "[t]he legal doctrines of last clear chance and assumption of risk in actions to which this section is applicable are abolished." This provision applies to negligence actions but it would not apply to a claim of reckless and wanton misconduct. The terms wilful, — wanton or reckless misconduct are treated as meaning the same thing. Dubay v. Irish, 207 Conn. 518, 533. Recklessness is more than negligence and more than gross negligence. Id., 532; Bordonaro v. Senk, 109 Conn. 428, 431. The defense of contributory negligence does not apply where an injury is a result of wilful or wanton conduct. Id., 433. Wanton or reckless misconduct is such conduct as indicates a reckless disregard of the rights or safety of others or of the consequences of the action. Dubay v. Irish, supra, 532. Connecticut has never recognized degrees of negligence as slight, ordinary and gross negligence in the law of torts. Decker v. Roberts, 125 Conn. 150, 157; Connecticut Law of Torts, 3d Ed. Sec. 61.
"In unbroken precedents dating back to 1913, judicial discretion to impose multiple damages under section 14-295 or its precursors has been held to be limited to cases where the CT Page 1514 record demonstrates more than ordinary negligence." Bishop v. Kelly, 206 Conn. 608, 613. The penalty of double or treble damages under section 14-295 is imposed only where the violation of the rules of the road is deliberate or the defendant acts with reckless disregard for the rights of others. Bishop v. Kelly, supra, 613, 614; Cristilly v. Warner, 87 Conn. 461, 469; Jack v. Scanlon, 4 Conn. App. 451,455; Goldfarb v. Bragg, 39 Conn. Sup. 228, 229; Eustace v. Adley Express Co., 1 Conn. Sup. 58, 59. The amendment of section 14-295 in 1988 to require a plaintiff to specifically plead that a defendant has operated a motor vehicle deliberately or with reckless disregard of certain specified statutes, shows that an action under the statute is for reckless and wanton misconduct which is a separate cause of action from ordinary negligence.
The legal doctrine of assumption of the risk has been abolished in negligence actions. Section 52-572h(1) of the General Statutes. The defense of contributory negligence does not apply where a defendant engaged in wilful or wanton misconduct. Bordonaro v. Senk, supra, 433. Section52-572h of the General Statutes applies only to ordinary negligence actions, and the legal doctrine of assumption of the risk is abolished only for purposes of that statute. Section 52-572h(1) of the General Statutes. Despite this limitation, it is doubtful whether assumption of the risk applies as a defense to a claim of wilful, wanton or reckless misconduct under Connecticut law, and the majority rule in other states is that assumption of the risk is not a valid defense to such actions. 65A CJS 300, Negligence, Sec. 174(4); 57A Am.Jur.2d 734, Negligence, Sec. 833.
The motion to strike the first special defense is granted. The motion to strike the second special defense is denied as to the first count but granted as to the second count.
Robert A. Fuller, Judge