[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 6, 1994, the plaintiff, Marie Jimenez, filed a three count revised complaint against the defendants, City of Stamford (Stamford) and Paul Schell, an employee of Stamford. Counts one and two allege negligence against Schell and Stamford, respectively. Count three alleges violation of General Statutes § 14-295 against Schell. The facts as alleged in the complaint are as follows. On February 9, 1993, the plaintiff was driving west on Tresser Boulevard in Stamford, while Schell was proceeding east on Tresser. At the intersection of Tresser and Atlantic, Schell made a left turn onto Atlantic, striking the plaintiff's vehicle. The plaintiff has suffered numerous injuries as a CT Page 11333 result.
On July 5, 1994, Schell filed a motion to strike count three on the ground that the plaintiff has not alleged facts showing recklessness as required by General Statutes § 14-295. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) NovametrixMedical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated in the complaint . . . ." S.M.S. Textile v. Brown, Jacobson, Tillinghast,Lahan King P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged."Novametrix Medical Systems v. BOC Group. Inc., supra, 215.
Schell argues that count three should be stricken because the plaintiff merely realleges the facts supporting the negligence claim in count one and adds conclusory language which states that those actions were "reckless", which is legally insufficient to state a cause of action under General Statutes § 14-295. The plaintiff maintains that count three sufficiently asserts the elements necessary to satisfy General Statutes § 14-295.
General Statutes § 14-295 provides in pertinent part that "[i]n any civil action to recover damages resulting from personal injury . . . the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of sections 14-218a, 14-219, 14-222, 14-227a,14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."
Nevertheless, "[a]wards of double or triple damages under 14-295
are not required simply because a defendant has been found to CT Page 11334 have violated one of the named statutes. Rather, such damages are assessed based on the degree of the defendant's culpability."Jack v. Scanlon, 4 Conn. App. 451, 455, 495 A.2d 1084, cert. denied, 197 Conn. 808, 499 A.2d 59 (1985). "The Connecticut Supreme Court has consistently held that where a complaint alleges recklessness it must use explicit language that informs both the court and the defendant what conduct is relied upon . . . ." Fisher v. Irby, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.). "`There is a wide difference between negligence and reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on . . . . Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made.'" (Internal quotation marks omitted.) Castrovillari v.Bourse, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 129351 (March 3, 1994, Lewis, J.), quotingDumond v. Denehy, 145 Conn. 88, 91, 139 A.2d 58 (1958). "The reiteration of acts previously asserted to support a cause of action in negligence, without more cannot be transformed into a claim of reckless misconduct by mere nomenclature." Id.
The Connecticut Supreme Court has differentiated negligence and recklessness as follows: "Recklessness is a state of consciousness with reference to the consequences of one's acts. It is more than negligence, more than gross negligence. The state of mind amounting to recklessness may be inferred by conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights or safety of others or the consequences of the action. Willful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances . . . Not only the action producing injury but the resulting injury also must be intentional. Dubay v. Irish,207 Conn. 518, 532-33, 542 A.2d 711 (1988). The weight of Superior Court decisions does not allow a cause of action based upon realleging facts supporting negligence and adding language concluding that those same facts demonstrate recklessness. See CT Page 11335Bivens v. Brewster, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 308588 (March 22, 1994, Rodriguez, J.); Fisher v. Irby, supra; Santiago v. Drolet,
Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 0514312 (May 26, 1093, Hennessey, J.);Kalmanidis v. O'Dwyer, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 126335 (February 2, 1993, Lewis, J.).
The plaintiff in count three has realleged paragraphs one through fifteen of count one, which support a cause of action in negligence, and also alleges that Schell "deliberately and/or with reckless disregard operated a motor vehicle in violation of . . . [General Statutes] §§ 14-218, 14-241 and 14-242 . . . ." The plaintiff has failed to allege sufficient additional facts to demonstrate that Schell's actions were "reckless". Furthermore, the plaintiff's allegations contending that Schell operated his vehicle "deliberately and/or with reckless disregard" is merely a legal conclusion and not legally sufficient to support a cause of action. Accordingly, Schell's motion to strike count three is granted.
So Ordered.
Dated at Stamford, Connecticut, this 8th, day of November, 1994.
WILLIAM BURKE LEWIS, JUDGE