[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE COUNT CLAIMING MULTIPLE PUNITIVEDAMAGES FOR RECKLESS OPERATION OF A MOTOR VEHICLE
This is a personal injury action resulting from a motor vehicle collision.
On April 24, 1995, the defendant filed a motion to strike the plaintiff's multiple damage claim under § 14-295, on the ground that the plaintiff has not properly alleged a claim of recklessness. CT Page 8156
The defendant maintains that the plaintiff's punitive damages claim for reckless conduct is legally insufficient because it has merely stated conclusory language as to recklessness in his second count, with no facts to support such a claim.
Because the plaintiff has alleged that the defendant operated deliberately in violation of the reckless driving, speeding and failure to keep right statutes and did so with reckless disregard for others, the motion is denied.
In Jack v. Scanlon, 4 Conn. App. 451, 495 A.2d 1084, cert. dismissed, 197 Conn. 808, 499 A.2d 59 (1985), the court discussed what is required in order to find a violation of §14-295. The court stated,
 [a]wards of double or treble damages under 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather, such damages are assessed based on the degree of the defendant's culpability. As aptly stated in Eustace v. Adley Express Co., [1 Conn. Sup. 58, 59
(1935)], "the imposition of the penalty of double or treble damages should be reserved for cases which involve offenses more serious than simple negligence. Such a penalty should be imposed only where the violation of the rules of the road has been deliberate or at least under conditions which indicate that the defendant was conducting him [or her] self with reckless disregard of the rights of others."
(Citations omitted.) Jack, v. Scanlon, supra, 4 Conn. App. 455. Here the plaintiff alleges the defendant's actions were deliberate. Further, in Bishop v. Kelly, 206 Conn. 608,539 A.2d 108 (1988), our Supreme Court reiterated the view taken inJack v. Scanlon.
 An award of double damages is appropriate when the defendant deliberately or with reckless disregard violated one of the statutes to which 14-295 refers. . . . Recklessness requires a conscious choice of action either with knowledge of facts which would disclose this danger to any reasonable [person] and the actor must recognize that his [or her] conduct involves a risk substantially greater . . . than that CT Page 8157 which is necessary to make his [or her] conduct negligent.
(Citations omitted; internal quotation marks omitted.) Bishopv. Kelly, supra, 206 Conn. 614-15.
The plaintiff's second count alleges,
 3. Walter Harrak deliberately drove his vehicle in the following manner, with reckless disregard for others upon the highway;
 a) in a reckless and dangerous manner, in violation of Connecticut General Statutes § 14-222;
 b) at an excessive rate of speed in view of the width, traffic, use and condition of the highway at the point of collision, in violation of Connecticut General Statutes § 14-118a; and,
 c) by failing to operate his vehicle in the right hand lane of traffic upon the highway at that time and place, in violation of Connecticut General Statutes § 14-230.
 4. One or more of the above referenced statutory violations was a substantial factor in causing Donald P. Slater's injuries.
(Complaint, Second Count, ¶¶ 3 4.)
Negligence is failure to use that degree of care for the protection of another that the ordinarily reasonably careful prudent person would use under similar circumstances. SeeTemple v. Gilbert, 86 Conn. 335, 340 (1912).
Reckless conduct describes a state of conscious choice with reference to the consequences of one's acts, where the actor does not intend the resulting harm, but nonetheless chooses to perform certain acts knowing that there is a strong probability that harm may be the consequence of those acts.
The plaintiff pleads that the defendant acted "deliberately" CT Page 8158 in violating the reckless driving, speeding and failure to keep right motor vehicle statutes and that he did so with reckless disregard for others upon the highway.
Specific allegations setting out facts constituting wanton as opposed to merely negligent conduct have been alleged. The motion to strike is denied.
/s/ Flynn, J. FLYNN