[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This two count complaint arises out of a motor vehicle accident which occurred on July 11, 1994. The plaintiff, Mary Bray, alleges in the first count of her amended complaint, dated August 23, 1995, that she was travelling south on Courtland Avenue in Stamford, and had come to a full stop for a traffic signal, when her vehicle was struck from behind by a vehicle operated by the defendant, Congetta Dademo, and owned by Americo R. Dademo, Sr., as a family car. It is further alleged that the accident resulted in serious injuries to the plaintiff. In count two, the plaintiff alleges that the defendant operated her motor vehicle in a reckless manner, which the plaintiff claims permits the award of double and treble damages in accordance with [General Statutes §] 14-295.
The defendant has filed a motion (#104) to strike count two and its prayer for relief on the ground that this count did not allege facts sufficient to support a claim of enhanced damages within the scope of General Statutes § 14-295. "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988); see also Mingachos v. CBS. Inc., 196 Conn. 91,108, 491 A.2d 368 (1985). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. King v.Board of Education, 195 Conn. 90, 93, 463 A.2d 1111 (1985). The court must construe the facts most favorably to the pleader.Blancato v. Feldspar, 203 Conn. 34, 36, 552 A.2d 1235 (1987). CT Page 316 "The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them . . . and if facts provable under the allegations would support a defense or a cause of action, the demurrer [motion to strike] must fail." (Citation omitted.) Alarm Applications Co. v.Simsbury Volunteer Fire Co., 179 Conn. 541, 545, 427 A.2d 822
(1980).
The defendant argues that the second count merely repeats the allegations of the first count, except for adding a claim that the defendant's conduct violated General Statutes § 14-222, which prohibits the operation of a motor vehicle in a reckless manner, and that such violation was a substantial factor in causing the injuries to the plaintiff. The defendant further claims that the plaintiff failed to support her claim of recklessness with any additional facts.
The first count contains nine specific allegations of negligence, comprised of six common law claims of negligence and three statutory violations, including alleged violations of General Statutes § 14-218a (unreasonable speed); § 14-219
(excessive speed);[1] and § 14-240 (following too closely) However, no new allegations pertaining to recklessness are added to the second count except to assert that the defendant violated General Statutes § 14-222. In other words, with that one exception, the plaintiff reiterates the same common law and statutory violations alleged in the first count, but labels them as "recklessness."
As the Supreme Court said in Dumond v. Denehy, 145 Conn. 88,91, 139 A.2d 58 (1958), "[w]e reiterate, and in so doing add emphasis to what we said in Brock v. Waldron, 127 Conn. 79, 80,14 A.2d 713 [1940]: `[T]he complaint does not state with desirable accuracy a cause of action based on wanton misconduct. There is a wide difference between negligence and a reckless disregard of the rights or safety of others, and a complaint should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on.' The complaint in the instant case fell far short of alleging a cause of action for reckless or wanton misconduct. Simply using the word "reckless" or "recklessness" is not enough. A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made."
The reiteration of acts previously asserted to support a cause of action in negligence, without more cannot be transformed CT Page 317 into a claim of reckless misconduct by mere nomenclature. "There is a wide difference between negligence and a reckless disregard of the rights or safety of others . . . ." Brock v. Waldron,supra, 127 Conn. 81. In the case of Dubay v. Irish, 207 Conn. 518,532-33, 542 A.2d 711 (1988), the Supreme Court illuminated the difference between negligence and recklessness:
 Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them . . . Wanton misconduct is reckless misconduct . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action . . . Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse . . . [Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances . . . Not only the action producing the injury but the resulting injury also must be intentional. (Citations omitted; internal quotation marks omitted).
Construing the complaint in the manner most favorable to the pleader; Blancato v. Feldspar, supra, 203 Conn. 36; but excising all legal conclusions and unsupported opinions; S.M.S. Textile v.Brown, Jacobson, Tillinghast, Lahan and King, 32 Conn. App. 786,796, 631 A.2d 340 (1993); there is no factual basis to support a cause of action for recklessness. The plaintiff has not included sufficient facts to accompany the statutory incantation. Without supporting evidentiary facts, the charge of a conscious or implied "design to injure"; Markey v. Santangelo, 195 Conn. 76,77-78, 485 A.2d 1305 (1985); is not properly asserted.
More specifically, in the second count of the complaint, there are no allegations or facts asserted that the defendant acted deliberately or with reckless disregard for the rights of others, a requirement for the imposition of enhanced damages.Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988); see also Jack v. Scanlon, 4 Conn. App. 451, 455, 495 A.2d 1084
(1985), cert. dismissed, 197 Conn. 808, 499 A.2d 59. The first count clearly spells out a cause of action in negligence, but the second count does not allege facts within the definition of CT Page 318 recklessness found in such cases as Bishop and Jack, which require a finding that the defendant "deliberately or with reckless disregard violated one of the statutes to which §14-295 refers." Bishop v. Kelly, supra, 206 Conn. 614. For the foregoing reasons, the defendant's motion to strike the second count is granted.
So Ordered.
Dated at Stamford, Connecticut this 2 day of January, 1996.
William B. Lewis, Judge.