[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Jennifer and Patricia Della Ripa, filed a CT Page 1431-II four count complaint in negligence, recklessness pursuant to General Statutes § 14-295, common law recklessness and payment of medical expenses against the defendants, Michael and Edward Maillard. The plaintiffs allege that Michael Maillard, while operating a motor vehicle, ran a stop light and struck a vehicle being operated by Jennifer Della Ripa. The plaintiffs also allege that Michael Maillard was operating a car owned by Edward Maillard pursuant to the family car doctrine, and that the defendants are liable for medical expenses expended on behalf of Jennifer Della Ripa by her mother, Patricia Della Ripa. The defendants have filed a motion (#104) to strike counts two, three and four of the plaintiffs' complaint on the ground that there are insufficient facts alleged to support a cause of action in recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group,Inc., 224 Conn. 210, 214-5, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations . . . . It does not include, however, the legal conclusions or opinions stated the complaint . . . ."S.M.S. Textile v. Brown, Jacobson, Tillinghast, Lahan andKing, P.C., 32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." NovametrixMedical Systems v. BOC Group, Inc., Id., 215.
The defendants argue that the plaintiffs have not alleged sufficient facts to support a cause of action under General Statutes § 14-295, or a common law action in recklessness in order to recover under § 14-295. The plaintiffs contend that it is not necessary to plead facts sufficient to establish a common law action in recklessness.
In count two the plaintiffs have incorporated the negligence allegations in count one, and further allege that "Michael Maillard, deliberately or with reckless disregard, operated the motor vehicle in violation of §§ 14-218 and/or 14-222 . . . ." CT Page 1431-JJ The plaintiffs' allegations of recklessness are conclusory. Furthermore, merely alleging violation of "trigger statutes" enumerated in § 14-295 is insufficient to support a cause of action in recklessness. See Jimenez v. Schell, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 137265 (November 8, 1994, Lewis, J.); Meiliken v.Romano, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 131303 (April 28, 1994, Lewis, J.); Castrovillari v. Bourse, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 129351 (March 3, 1994, Lewis, J.). The plaintiffs also argue that they need not allege facts sufficient to support a common law action in negligence in order to support a cause of action under § 14-295. The Supreme Court, however, has stated that the statute "incorporates standards that have long been recognized at common law." Bishop v. Kelly, 206 Conn. 608, 614,539 A.2d 108 (1988). Moreover, the Appellate Court stated inJack v. Scanlon, 4 Conn. App. 451, 455, 495 A.2d 1084, cert. dismissed, 197 Conn. 808, 499 A.2d 59 (1985), that "[a]wards of double or triple damages under § 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather such damages are assessed based on the degree of the defendant's culpability."
In count three the plaintiffs assert a common law action in recklessness by alleging that Michael Maillard operated the vehicle "wantonly and with reckless indifference to the rights and safety of the plaintiff . . . ." "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.)Bishop v. Kelly, supra, 206 Conn. 614-15.
The plaintiffs have merely alleged legal conclusions, and have not alleged any facts sufficient to support a cause of action in recklessness.
In regard to count four, the defendants have also moved to strike this count on the ground that the plaintiffs have failed to allege facts sufficient to support a cause of action in negligence. However, the cause of action alleged in count four is one seeking the recovery of medical expenses. Accordingly, the CT Page 1431-KK defendants' motion to strike is granted as to counts two and three, and is denied as to count four.
So Ordered.
Dated at Stamford, Connecticut this 5th day of February, 1996.
William Burke Lewis, Judge