[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Juan Bravo, has filed a five count complaint against three named defendants. Counts three and four seek recovery against Hector Colon for damages sustained as a result of his alleged negligent and reckless operation of a motor vehicle. Count three alleges a cause of action sounding in negligence. Count four reiterates the allegations of count three but alleges that the motor vehicle accident was due to the reckless and wanton misconduct of Colon.
On May 31, 1995, Colon filed a motion to strike count four of the plaintiff's complaint on the ground that it "fails to allege facts sufficient to support a claim of reckless conduct and fails to come within the purview of C.G.S. § 14-295."
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint and must construe the facts in the complaint most favorably to the plaintiff. . . . A motion to strike is properly CT Page 2055 granted if the complaint alleges mere conclusions of law thatare unsupported by the facts alleged." (Citations omitted; emphasis added; internal quotation marks omitted.) NovametrixMedical Systems, Inc. v. BOC Group, Inc., 224 Conn. 210, 214,215, 618 A.2d 25 (1992).
In support of his motion to strike, the defendant argues that the plaintiff has failed to allege sufficient facts in count four to support a separate allegation of reckless and wanton misconduct. In opposition, the plaintiff argues that count two of his complaint alleges a cause of action under General Statutes § 14-295.
General Statutes § 14-295 provides that "[i]n any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party hasspecifically pleaded that another party has deliberately or withreckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230,14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." (Emphasis added.)
In Jack v. Scanlon, 4 Conn. App. 451, 495 A.2d 1084, cert. denied, 197 Conn. 808, 499 A.2d 59 (1985), the Appellate Court discussed what is required in order to find a violation of § 14-295. The court stated:
 Awards of double or treble damages under 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather, such damages are assessed based on the degree of the defendant's culpability. As aptly stated in Eustace v. Adley Express Co. . . . the imposition of the penalty of double or treble damages should be reserved for cases which involve offenses more serious than simple negligence. Such a penalty should be imposed only where the violation of the rules of the road has been deliberate or at least under conditions which indicate that the defendant was conducting him [or her] self with reckless disregard of the rights of others." CT Page 2056
(Citations omitted.) Jack v. Scanlon, supra, 4 Conn. App. 455. Further, in Bishop v. Kelly, 206 Conn. 608, 539 A.2d 108 (1988), our Supreme Court reiterated the view taken in Jack v. Scanlon:
 An award of double damages is appropriate when the defendant deliberately or with reckless disregard violated one of the statutes to which 14-295 refers. The statute thus incorporates standards that have been recognized at common law. . . . Recklessness requires a conscious choice of action either with knowledge of facts which would disclose this danger to any reasonable [person] and the actor must recognize that his [or her] conduct involves a risk substantially greater . . . than that which is necessary to make his [or her] conduct negligent.
(Citations omitted; internal quotation marks omitted.) Bishopv. Kelly, supra, 206 Conn. 614-15.
The appellate courts of this state have not yet addressed what a plaintiff must plead in order to sufficiently state a claim for double or treble damages under § 14-295. As such, a split of authority exists on this issue among the decisions of the Superior Court. See generally Prince v. Gilling, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 53 13 97 (March 20, 1995, Hale, J.). There are essentially two lines of cases that address this issue.
In the first line of cases, courts have interpreted Section14-295 to require more than simply pleading that the defendant has violated one of its specifically enumerated statutory sections. One line of decisions holds that a plaintiff must not only plead a statutory violation as set forth in § 14-295, but also facts that would support a claim of reckless conduct at common-law. Pitka v. Ullrich, Superior Court, judicial district of New London, Docket No. 530000 (November 16, 1994, Austin, J.,13 CSCR 32); Jimenez v. Schell, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 13 72 65 (November 8, 1994, Lewis, J.); Lezotte v. Hanover Insurance Co.,
Superior Court, judicial district of Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J., 8 CSCR 156); Comparonev. Cooper, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293125 (August 27, 1992, Lewis, J.,7 CSCR 1108); Gaudet v. Ziobran, Superior Court, judicial district of Middlesex, Docket No. 61126 (June 10, 1992, Austin, J., 7 CT Page2057 CSCR 752); Varlese v. Beers, Superior Court, judicial district of Waterbury, Docket No. 99755 (April 4, 1991, Sullivan, J.). This line of cases has interpreted § 14-295 to require a plaintiff to plead facts sufficient to inform the defendant of which acts were reckless. These courts require a plaintiff to set forth specific allegations that describe the conduct that is alleged to have risen to the level of recklessness. See Gaudetv. Ziobran, supra. Additionally, these courts have held that "[t]he reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature."Fisher v. Irby, judicial district of Fairfield at Bridgeport, Docket No. 309622 (February 1, 1994, Ballen, J.).
A competing line of cases hold that the plaintiff is only required to plead that the defendant has violated one or more of the statutory provisions enumerated in General Statutes § 14-295.Eldridge v. Sternberg, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 544939 (February 16, 1995, Wagner, J.); Armstrong v. Smith, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 533947 (December 2, 1994, Sheldon, J.,13 Conn. L. Rptr. 120);Ogletree v. Brown, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 134778 (July 29, 1994, Lewis, J., 9 CSCR 908); Cherry v. ABF Systems. Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354865 (June 29, 1994, Hartmere, J., 12 Conn. L. Rptr. 101);Knoblauch v. Atlantic Ventilating and Equipment Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 524505 (October 22, 1993, Corradino, J.,8 CSCR 1253); Spencer v. King, Superior Court, judicial district of Middlesex at Middletown, Docket No. 69530 (September 16, 1993, Higgins, J., 8 CSCR 1024). Under this line of cases, the plaintiff is only required to plead that the defendant violated one or more of the statutory provisions enumerated in General Statutes § 14-295. According to this view, Section 14-295 "does not require the same specificity of pleading which is required to support a cause of action predicated on [common law] recklessness." Spencer v. King, supra. In Spencer, the court denied the defendant's motion to strike because the plaintiff pleaded "that the defendant with reckless disregard, operated his motor vehicle in violation of General Statutes 14-218a and14-222. . . . He has, therefore, sufficiently pled his entitlement to multiple damages under General Statutes 14-295, and the motion to strike the prayer for relief and claims of recklessness CT Page 2058 are therefore denied." Id.
Courts following this reasoning have stated that "[w]hen the language used by the legislature is plain and unambiguous, there is no room for construction by the courts and the statute will be applied as its words direct." Spencer v. King, supra, citing Warkentin v. Burns, 223 Conn. 14, 22, 610 A.2d 1287
(1992). In distinguishing actions based upon statutory violations from common law actions, courts have stated that in common-law actions it is necessary to plead a cause of action of recklessness separate and distinct from a negligence action.Cherry v. ABF Freight Systems, Inc., supra. When the cause of action is based upon a statutory violation, however, pleading separate causes of action is not necessary because General Statutes Sec. 14-295 states explicitly what must be alleged. Id.
The court adopts the rationale of the first line of cases and grants the defendant's motion to strike. The Connecticut Supreme Court has differentiated between causes of action in negligence and recklessness as follows: "[r]ecklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711
(1988). Moreover, a complaint predicated upon reckless misconduct "should employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied upon." Dumond v. Denehy, 145 Conn. 88, 91,139 A.2d 58 (1958). "Simply using the word reckless or recklessness is not enough." Id. "A specific allegation setting out the conduct that is claimed to be reckless or wanton must be made." Id. In count four of the complaint, the plaintiff does not allege specific facts or conduct which would give rise to a level of recklessness. Instead, the plaintiff merely reiterates the allegations of the count sounding in negligence. The plaintiff simply makes a legal conclusion that the defendant's conduct was reckless without already informing the court and the defendant what reckless conduct the plaintiff relies upon. He has, therefore, failed to sufficiently plead a statutory recklessness cause of action pursuant to § 14-295. Accordingly, the defendant's motion to strike count four is granted.
McDONALD, J. CT Page 2059