[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Thelma Perkins, commenced this action by filing a ten count complaint against the defendants Colonial Cemeteries, Inc., d/b/a Fairfield Memorial Park, and its principal officers, Phyllis O. Dowd. The plaintiff alleges that in March of 1993, the defendants were hired to handle the funeral arrangements for her ;deceased daughter, Taiwana Perkins. The plaintiff alleges that although her daughter's funeral took place at a location marked "gravesite #1", two days after the funeral, the plaintiff's daughter was moved from such location and was told by the defendants that she was at a location marked "gravesite #2". Thereafter, the plaintiff alleges that the defendants gave her the deed to her daughter's burial plot and such deed identified the burial site as "gravesite #3". The plaintiff further alleges that when she returned to the cemetery, her daughter's grave marker was at a location marked "gravesite #3". The plaintiff contends that in an effort to verify the location of her daughter's remains, she applied for a permit for the excavation and disinterment of gravesite #3 and through such excavation found her daughter's remains in "gravesite #3."
The plaintiff alleges the following causes of action: breach of contract, common law negligence, statutory negligence, breach CT Page 1431-LL of implied covenant of good faith and fair dealing, wilful, wanton and reckless conduct, intentional infliction of emotional distress, negligent infliction of emotional distress, fraudulent misrepresentation, violation of the Connecticut Unfair Trade Practice Act (CUTPA), General Statutes § 42-110a et seq., and trespass to land.
The defendants have filed motion (#111) to strike the plaintiff's entire complaint. A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372-73,636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy ofopinion stated in the pleadings." (Emphasis in original).Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix MedicalSystems, Inc. v. BOC Group, Inc., 224 Conn. 210, 215,618 A.2d 25 (1992).
The defendants first move to strike the plaintiff's entire complaint on the ground that the plaintiff improperly combines various causes of action in one count. The defendants filed a request to revise the plaintiff's complaint to separate the various causes of action in each count, which was denied by the court, Karazin, J. The defendants now seek to separate causes of action in the plaintiff's count with a motion to strike.
"Whenever any party desires to obtain . . . separation of causes of action which may be united in one complaint when they are improperly combined in one count . . . the party desiring any such amendment in an adverse party's pleading may file a timely request to revise that pleading." Practice Book § 147(3). Thus, a request to revise and not a motion to strike is the proper vehicle to separate causes of action contained in one count. Lougee v. Tanner, Superior Court, Judicial District of New London at New London, Docket No. 523840, (December 20, 1993, Hurley, J.); Associated Construction v.City of Milford, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 880250 (January 24, 1991, Fuller, J.). Thus, the defendant's motion to strike the plaintiff's entire complaint is denied. CT Page 1431-MM
In the alternative, the defendants argue that count five, alleging wilful, wanton and reckless conduct, and count six, alleging intentional infliction of emotional distress, should be stricken on the grounds that these counts repeat the same allegations in the negligence and breach of contract counts, and thus plaintiff has failed to sufficiently plead factual allegations as to reckless and intentional acts.
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted; internal quotation marks omitted.)Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108
(1988). Furthermore, "a party may not merely reallege allegations contained in a claim of negligence, but rather must allege additional facts that demonstrate that the defendant's conduct was reckless." Martinez v. Ruffels, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 143078 (June 8, 1995, Lewis, J.). See also Chromium Processv. Yankee Gas Service, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 038532 (June 23, 1995), Commerford, J.) (holding that the mere reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature).
The plaintiff repleads paragraphs 1-36 of the first count as a basis for her claim of reckless misconduct in the fifth count. The same paragraphs were alleged to support a cause of action in negligence in the second count as well. The plaintiffs claim of reckless conduct is insufficient as the plaintiff has not alleged additional facts that would support a claim of reckless conduct. Thus, the defendants' motion to strike count five is granted.
In order to prevail on a claim of intentional infliction of emotional distress, four elements must be established: "(1) the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the CT Page 1431-NN plaintiff was severe." (Citation omitted; internal quotation marks omitted.) DeLaurentis v. New Haven, 220 Conn. 225,266-67, 597 A.2d 807 (1991).
The plaintiff uses paragraphs 1-36 of the first count as a basis for her claim of intentional infliction of emotional distress. The plaintiff has not alleged any additional facts that demonstrate any intentional acts by the defendants. Thus, the defendants' motion to strike count six is granted.
The defendants also move to strike the plaintiff's claim for punitive damages and attorney fees as it relates to counts one, two and seven, on the grounds that such counts do not allege wanton, malicious, evil, violent, and/or outrageous behavior justifying punitive damages. Furthermore, the defendants argue that there is no statutory or contractual basis for attorney fees.
"The motion to strike a prayer for relief should be granted if the prayer for relief does not correspond to allegations of the complaint." Marshall v. Bessemer Trust Co.,
Superior Court, Judicial District of Litchfield, Docket No. 065718 (April 18, 1995, Pickett, J.). The Supreme Court has held that party is entitled to punitive damages when "the evidence shows a reckless indifference to the rights of others or an intentional and wanton violation of those rights." (Citation omitted; internal quotation marks omitted.) Kenny v. CivilService Commission, 197 Conn. 270, 277, 496 A.2d 956 (1985).
Counts one, two and seven, alleging breach of contract, negligence and negligent infliction of emotional distress, respectively, do not allege any facts constitutioning reckless or wanton misconduct on the part of the defendants. Furthermore, these counts do not allege any contractual or statutory basis for attorney fees. Thus, the defendants' motion to strike the claim for punitive damages and attorney fees corresponding to counts one, two and seven is granted. See Carloni v. Palumbo,
Superior Court, Judicial District of New Haven, Docket No. 31952, (July 21, 1992, Maiocco, J.).
Accordingly, the defendants' motion to strike is granted as to counts five, six and as to the claim for punitive damages and attorney fees, and is denied as to the remainder of the plaintiff's complaint. CT Page 1431-OO
So Ordered.
Dated at Stamford, Connecticut this 6th day of February, 1996.
William Burke Lewis, Judge