JON BISHOP ET AL. *v.* JAMES J. KELLY
(13051)

PETERS, C. J., HEALEY, SHEA, CALLAHAN and HULL, Js.

Argued January 6—decision released March 22, 1988

*J. Kevin Golger,* with whom was *Joyce Riccio,* for the appellant (defendant).

*Paul A. Sobel,* with whom, on the brief, was *Robert K. Lesser,* for the appellee (plaintiff Elyse L. Dalton).

PETERS, C. J. The dispositive issue in this appeal is whether General Statutes § 14-295,[1] which allows a trial

---

[1] General Statutes § 14-295 provides in relevant part: "DOUBLE OR TREBLE DAMAGES. Each person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, or 14-247, causes any injury to the person or property of another, shall be liable to

court to double or treble the damages awarded by a jury in tort actions involving violations of the rules of the road, infringes the right to trial by jury under the Connecticut constitution. After trial, a jury returned a verdict for the plaintiff, Elyse L. Dalton, in the amount of $60,000.[2] In accordance with the plaintiff's motion for double or treble damages, the trial court rendered a judgment doubling these damages, from which the defendant, James J. Kelly, appeals. We find error and remand to the trial court with direction to render a judgment in the amount of $60,000.

This action arose out of an automobile accident that occurred on January 21, 1979, in Newtown. The jury could reasonably have found that at the time of the accident the defendant, traveling on route 25, in the opposite direction from that of the plaintiff, drove his car so as to cross the median of the highway and to strike the car of the plaintiff. In addition, the plaintiff presented evidence that, at the time of the accident, the defendant had been driving above the speed limit and was intoxicated. The accident resulted in severe injuries to the plaintiff.

Before the commencement of trial, the plaintiff filed an amended complaint seeking double or treble damages pursuant to § 14-295. Accordingly, after the close of the evidence, she filed a timely motion asking the court to submit interrogatories to the jury "for specific findings of fact upon which the Court may decide [whether to award] increased damages." In response to the special interrogatories, the jury found that the defendant had violated General Statutes § 14-230, captioned "Driving in Right Hand Lane," and that the vio-

the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action."

[2] After the named plaintiff withdrew his action, the case was tried on the complaint of Elyse L. Dalton.

lation was the sole proximate cause of the accident. The jury returned a verdict for the plaintiff in the amount of $60,000, and was subsequently discharged. After a hearing, the trial court, over objection by the defendant, granted the plaintiff's motion, doubling the verdict to $120,000, and rendered judgment in that amount.

On appeal the defendant's claims of error are directed only to the trial court's doubling of the verdict pursuant to § 14-295. He argues that the trial court erred in determining that: (1) § 14-295 is not unconstitutionally vague under the state and federal constitutions; (2) § 14-295 does not violate the defendant's right to a trial by jury under the state constitution; and (3) there was sufficient evidence to support an award of double damages. Because we agree with the defendant that § 14-295 violates his right to trial by jury, we conclude that the award of double damages must be set aside without regard to the sufficiency of the evidence supporting the trial court's decision.

I

We consider first the defendant's argument that the statute is void for vagueness, since our interpretation of § 14-295 is relevant to the resolution of the defendant's claim that the issues he raises implicate his right to trial by jury. See *Seals* v. *Hickey,* 186 Conn. 337, 341–49, 441 A.2d 604 (1982). Due process of law under our state and federal constitutions requires that "a statute afford a person of ordinary intelligence a reasonable opportunity to know what is permitted or prohibited." *McKinney* v. *Coventry,* 176 Conn. 613, 618, 410 A.2d 453 (1979). To meet the mandate of due process, a statute must, in addition, " 'state its standard with adequate clarity and mark sufficiently distinct boundaries for the law to be fairly administered.' " *Seals* v. *Hickey,* supra, 344; *State* v. *Anonymous,* 179 Conn. 155, 164, 425 A.2d 939 (1979). "Lack of preci-

sion, however, is not, in or of itself, offensive to the requirement of due process." *Seals* v. *Hickey,* supra.

Section 14-295 provides that "[e]ach person who, by neglecting to conform to any provision of sections 14-230 to 14-242, inclusive, or section 14-245, or 14-247, causes any injury to the person or property of another, shall be liable to the party injured in double or treble damages if, in the discretion of the court in which any action is pending, double or treble damages are just, with the costs of such action." While the operation of § 14-295 is triggered only by a violation of §§ 14-230 to 14-242, inclusive, § 14-245 or § 14-247, such a violation does not automatically require the imposition of multiple damages; rather, the determination of whether double or treble damages are "just" is left to the discretion of the trial court.

The defendant claims that § 14-295 is unconstitutionally vague because it fails to provide fair warning of the standards of conduct that will determine whether double damages are "just."[3] He argues that the statute, by virtue of permitting the imposition of punitive damages, is penal in nature; see *Tedesco* v. *Maryland Casualty Co.,* 127 Conn. 533, 537, 18 A.2d 357 (1941); and urges us to evaluate § 14-295 by the stricter standards that apply to penal statutes. See *Seals* v. *Hickey,* supra, 343. According to the defendant, under these standards of review, the statute is impermissibly vague in two ways: it provides no criteria for when multiple damages are "just" and it confers upon the court unfettered discretion to decide whether to impose any multiple damages at all.

[3] The defendant conceded at oral argument that he lacked standing to complain of any putative vagueness of the statute with regard to the imposition of treble damages, since no such damages were assessed against him. See *State* v. *Pickering,* 180 Conn. 54, 57, 428 A.2d 322 (1980).

Although it is undeniable that the statute, on its face, contains no standards for the imposition of multiple damages, the plaintiff contends that it meets constitutional muster because its interpretation in a number of Connecticut cases has added sufficient judicial gloss to provide the specificity that due process requires. See *State* v. *Proto,* 203 Conn. 682, 698, 526 A.2d 1297 (1987); *Seals* v. *Hickey,* supra, 344–49; *State* v. *Pickering,* 180 Conn. 54, 64, 428 A.2d 322 (1980). We agree.

In unbroken precedents dating back to 1913, judicial discretion to impose multiple damages under § 14-295 or its precursors has been held to be limited to cases where the record demonstrates more than ordinary negligence. Although its statutory designation has changed over time, § 14-295 has remained essentially unchanged since 1909. See Public Acts 1909, c. 268.[4] In an early interpretation, Justice Beach, dissenting from this court's refusal to apply a Massachussetts wrongful death statute as against public policy, observed with regard to a precursor and similar statutes imposing multiple damages that "[i]n all these cases the excess over actual damages is assessed because of the defendant's criminal, malicious or reckless conduct." *Cristilly* v. *Warner,* 87 Conn. 461, 469, 88 A. 71 (1913) (*Beach, J.,* dissenting). Subsequently, in *Eustace* v. *Adley Express Co.,* 1 Conn. Sup. 58, 59 (1935), the Superior Court denied the plaintiff's motion seeking double or treble damages under a precursor of § 14-295, concluding that the defendant's violation of the rules of the road was

---

[4] Public Acts 1909, c. 268, provides in relevant part: "Every person who shall, by neglecting to conform to the provisions of section two of this act, cause any injury to the person or property of another, or shall negligently collide with another, thereby causing such injury, shall pay to the party injured double or treble damages as, in the discretion of the judge of the court in which the action is pending, shall seem just, together with the costs of such action."

not deliberate or reckless but "was the result simply of inadvertence . . . ." The court observed: 'The imposition of the penalty of double or treble damages should be reserved for cases which involve offenses more serious than simple negligence. Such a penalty should be imposed only where the violation of the rules of the road has been deliberate or at least under conditions which indicate that the defendant was conducting himself with reckless disregard of the rights of others." Id. In *Goldfarb* v. *Bragg,* 39 Conn. Sup. 228, 229, 475 A.2d 346 (1983), the Superior Court reaffirmed this interpretation, implying that the statute applied only to instances of "gross and culpable negligence." Finally, the Appellate Court, in considering whether the trial court's award of double damages had been proper, recently approved the construction given the statute in *Eustace* v. *Adley Express Co.,* supra. *Jack* v. *Scanlon,* 4 Conn. App. 451, 455, 495 A.2d 1084, cert. dismissed, 197 Conn. 808, 499 A.2d 59 (1985). The court further concluded that the statute was not impermissibly vague. Id., 458.

Taken together, these decisions provide a judicial gloss for § 14-295 under which the statute is sufficiently specific to afford a person of ordinary intelligence a reasonable opportunity to know when double damages will be imposed. An award of double damages is appropriate when the defendant has deliberately or with reckless disregard violated one of the statutes to which § 14-295 refers. The statute thus incorporates standards that have long been recognized at common law. See, e.g., *Kowal* v. *Hofher,* 181 Conn. 355, 361–62, 436 A.2d 1 (1980). Recklessness " 'requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man,' and the actor 'must recognize that his conduct involves a risk substantially greater

. . . than that which is necessary to make his conduct negligent.' " *Begley* v. *Kohl & Madden Printing Ink Co.*, 157 Conn. 445, 450–51, 254 A.2d 907 (1969), quoting 2 Restatement, Torts § 500, comment g. We conclude that § 14-295, as judicially construed, is not so vague as to violate the requirements of due process.

## II

We consider next the defendant's claim that the award of double damages pursuant to § 14-295 violates the right of trial by jury afforded to him by our state constitution. We must address two issues: (1) did the defendant properly preserve this claim at trial; and (2) can he prevail on the merits? We conclude that the constitutional claim is properly here and that the statute unconstitutionally deprives the defendant of a jury trial.

## A

The plaintiff urges us to hold that the defendant waived any right to a jury trial because he did not object to the plaintiff's motion for multiple damages under § 14-295 on constitutional grounds until after the jury had returned a verdict for the plaintiff and had been discharged. The plaintiff claims that by waiting to raise this issue on a motion to set aside the judgment, the defendant foreclosed any possibility for the trial court, had it agreed with the defendant, to put the issue of multiple damages to the jury. A necessary predicate to the plaintiff's argument of waiver is a construction of § 14-295 that would have permitted the trial court, upon a timely request by the defendant, to seek jury findings pertaining to the defendant's deliberate or reckless disregard of the rule-of-the-road statutes that are incorporated by reference into § 14-295. In support of this position, the plaintiff maintains that, when § 14-295 confers authority to impose multiple damages upon "the court," the term "court" signifies the whole

tribunal including the jury. We are not convinced by the plaintiff's proffered construction.

Neither in its ordinary meaning nor in its historical origins does the term "court" in § 14-295 encompass the jury. In legal usage, authority conferred upon a "court" normally contemplates action by a judge and not by a jury. For example, General Statutes § 42a-2-302 (1) leaves consideration of the possible unconscionability of a sales contract to the "court," for the express purpose, according to the accompanying official commentary, of foreclosing action by a jury. General Statutes Annotated § 42a-2-302, comment 3. Similarly, when, in the criminal context, General Statutes § 53a-28 (b) confers the authority to sentence upon the "court," that statute does not envisage action by a jury. The fact that we have, in rare circumstances, construed the term "court" in other statutes to include the jury; see, e.g., *Banks* v. *Watrous,* 134 Conn. 592, 599, 59 A.2d 723 (1948); *Miles* v. *Strong,* 68 Conn. 273, 286–87, 36 A. 55 (1896);[5] does not persuade us that the legislature intended to depart from ordinary usage in mandating action by "the court" in § 14-295.

Our construction of § 14-295 is supported by what we can glean from its history. In 1915, the statute

[5] In *Miles* v. *Strong,* 68 Conn. 273, 286–87, 36 A. 55 (1896), the defendants claimed that Public Acts 1893, c. 66, which empowered the "court" to hear actions to quiet title, violated their right of trial by jury. We held that since the act encompassed both legal and equitable claims, the use of the word "court" contemplated actions tried before a jury as well as before a judge. Whether in any given case a court or jury trial was indicated depended on other provisions of existing law. The statute in point has since been characterized as a "peculiar statute"; *Standard Co.* v. *Young,* 90 Conn. 133, 137, 96 A. 932 (1916); that establishes "a novel mode of judicial procedure." *Dawson* v. *Orange,* 78 Conn. 96, 100, 61 A. 101 (1905).

*Banks* v. *Watrous,* 134 Conn. 592, 599, 59 A.2d 723 (1948), relied on *Miles* v. *Strong,* supra, to interpret a statute providing treble damages for wrongful timber cutting to permit jury consideration of the underlying factual issues, even though the statute referred their resolution to "the court." *Banks* v. *Watrous* has not again been cited on this point of construction.

expressly assigned to the "judge of the court" the function of awarding multiple damages. Public Acts 1915, c. 297, § 7. When the words "judge of" were deleted from the provision in its 1917 version; Public Acts 1917, c. 305, § 7; that amendment occurred without recorded legislative history. We therefore do not know whether the change resulted from a decision of the General Assembly to expand the body assigned the function of imposing multiple damages or from a judgment of a reviser that the excised language was superfluous. Neither we nor the parties have, however, been able to find any case that, after 1917, construed the statute to allow the jury to decide the question of multiple damages. We may take judicial notice of the fact that it has become the accepted judicial practice for the trial court, and not the jury, to determine whether multiple damages are appropriate.

Under these circumstances, we conclude that the term "court" in § 14-295 does not purport to authorize jury determination of multiple damages. We recognize that, confronted with a literal reading of a statute that places it in constitutional jeopardy, we have an obligation to search for a construction that will achieve the legislature's purpose in a manner that is both effective and constitutional. *French* v. *Amalgamated Local Union 376*, 203 Conn. 624, 636–37, 526 A.2d 861 (1987); *Moscone* v. *Manson*, 185 Conn. 124, 128, 440 A.2d 848 (1981). We are nonetheless unpersuaded that the legislature intended, in § 14-295, to entrust multiple damages to the province of the jury when it left that issue to the "court." Therefore, despite our acknowledged duty to avoid constitutional confrontation, we refuse to rewrite § 14-295 to equate "court" with "jury." See *Seals* v. *Hickey*, supra, 346. We hold, accordingly, that the defendant did not waive his jury trial claim by failing to raise it until after the jury had been discharged.

B

We turn then to the merits of the defendant's claim. Under article first, § 19, of the Connecticut constitution, as amended, "[t]he right of trial by jury shall remain inviolate." We have consistently held that the scope of article first, § 19, is defined by applying a historical test. The right to a jury trial may not be abrogated for causes of action that were triable to the jury prior to the constitution of 1818, and extant at the time of its adoption. *Motor Vehicle Manufacturers Assn. of the United States, Inc.* v. *O'Neill,* 203 Conn. 63, 76, 523 A.2d 486 (1987); *Seals* v. *Hickey,* supra, 349–50; *Gentile* v. *Altermatt,* 169 Conn. 267, 298, 363 A.2d 1 (1975), appeal dismissed, 423 U.S. 1041, 96 S. Ct. 763, 46 L. Ed. 2d 631 (1976); *Swanson* v. *Boschen,* 143 Conn. 159, 165, 120 A.2d 546 (1956). Consequently, statutory actions established since the adoption of the constitution of 1818 ordinarily fall outside the scope of the provision, "unless, perhaps, the new remedy constitutes 'a modification of existing remedies, so vital as to unduly limit and violate the right of trial by jury.' " *United States Fidelity & Guaranty Co.* v. *Spring Brook Dairy, Inc.,* 135 Conn. 294, 297, 64 A.2d 39 (1949), quoting *Meigs* v. *Theis,* 102 Conn. 579, 592, 129 A. 551 (1925). The question before us then is whether § 14-295, in entrusting the award of multiple damages to the court, unconstitutionally modifies a right of action that in 1818 was committed to the jury.

The historical origins of § 14-295 antedate 1818. The present statute has its roots in a 1797 act that established the rules of the road for horse-drawn carriages. Section 1 required two carriage drivers approaching each other from opposite directions "to turn or bear [their] carriage each driver to his right hand, or to slacken . . . their pace or gait, or otherwise endeavour to give each other a fair and equal chance or advan-

tage to pass." Section 2 stated that "if any driver or drivers . . . shall by negligence or carelessness, contrary to the true intent and meaning of this act, run against or strike any other such like carriage, horse or horses drawing the same, and thereby cause or occasion any hurt . . . to any person or persons therein . . . [he] shall forfeit and pay to the person or persons so hurt and injured, or suffering such damage or injury, threefold damages and costs of prosecution . . . ." Public Laws of the State of Connecticut, Book I, Title 152 (1797). The 1797 statute remained essentially the same for over a century. See *Stevens* v. *Kelley,* 66 Conn. 570, 572–73 (1895); *Levick* v. *Norton,* 51 Conn. 461, 471 (1883). In 1905, for instance, it provided: "Every such person who shall, by neglecting to conform to [the rules of the road], cause any injury to the person or property of another, or shall negligently collide with another, thereby causing such injury, shall pay to the party injured treble damages and costs." Public Acts 1905, c. 216, p. 412. Not until 1909 was the statute recast into its present form. It was then amended to allow a plaintiff to recover double or treble damages against a defendant who had violated the rules of the road "as, in the discretion of the judge of the court in which the action is pending, shall seem just, together with the costs of such action." Public Acts 1909, c. 268, p. 1256.

In light of this history, the defendant argues that, under the precursor of § 14-295 in force in 1818, the award of multiple damages was within the province of the jury, and that he therefore has a like constitutional entitlement to jury consideration today. The plaintiff would have us read the statutory history differently. She maintains that the 1797 statute, like § 14-295, assigned to the jury only the role of awarding compensatory damages but left to the court, upon motion by the plaintiff, the imposition of multiple damages. See

*Broschart* v. *Tuttle,* 59 Conn. 1, 8, 21 A. 925 (1890); cf. *Hart* v. *Brown,* 2 Root 301 (1795) (multiple damages awarded by the court in a trespass case). We agree with the defendant.

The plaintiff's position cannot be reconciled with the provisions of the early statutes that make it clear that, prior to 1909, the court had no discretion vis-a-vis the award of multiple damages in cases involving violations of the rules of the road. When injury or damage resulted from a driver's failure to observe the rules of the road, the 1797 act provided that the driver *"shall forfeit . . . threefold damages."* (Emphasis added.) Similarly, the act in force in 1905 stated that under such circumstances the driver "shall pay" the injured party treble damages. During that whole period then, the statute *required* the court to impose treble damages once the jury had made the factual findings upon which such an award was predicated. See *Broschart* v. *Tuttle,* supra; *Levick* v. *Norton,* supra.

In sum, at the time of the adoption of the constitution of 1818, a defendant had a right to have all the facts underlying an award of multiple damages tried to a jury. That right was substantially diminished by the 1909 statute removing from the province of the jury the determination of one of the factual issues triggering the imposition of multiple damages. While it remains the prerogative of the jury to decide whether a defendant has violated the rules of the road, since 1909 it has been the court that has been authorized to determine whether a defendant's conduct manifests so deliberate or reckless a disregard of these statutes that an award of multiple damages seems "just." Thus, § 14-295 arrogates to the court the responsibility for making a factual finding that is crucial to the question of the defendant's liability for multiple damages. Under the circumstances, "this statute allows the court to interfere with and invade the factfinding function of

the jury by permitting it to substitute its judgment for that of the jury." *Seals* v. *Hickey,* supra, 352. We therefore conclude that § 14-295 violates the defendant's right to a trial by jury under the state constitution.

There is error, the judgment is set aside and the case is remanded to the trial court with direction to render judgment against the defendant in the amount of $60,000.

In this opinion the other justices concurred.