[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A motion to strike is used to contest the legal sufficiency of any prayer for relief. Practice Book Section 152 (Rev'd. to 1989).
In support of his motion, defendant relies upon the ruling in Bishop v. Kelly, 206 Conn. 608 (1988). The court in Bishop found that Section 14-295 impermissibly allowed the court to determine whether imposition of multiple damages was "just", resulting in the unconstitutional invasion of the fact-finding function of the jury. Id. at 620-621. A statute that is declared unconstitutional is unenforceable. Bakelaar v. West Haven, 193 Conn. 59, 68 (1984).
Nevertheless, defendant fails to consider Public Act 88-229.
The plaintiffs, Fay and Donald Gahagan, filed a six count complaint against defendant, David E. Morin, for injuries and damages they allegedly sustained due to an automobile accident on or about April 29, 1989. Plaintiffs allege that the injuries and losses they sustained were caused by the defendant's wrongful conduct, including: (1) failure to drive a reasonable distance apart, in violation of General Statutes Section 14-240; (2) travelling unreasonably fast, in violation of General Statutes Section 14-218(a) or Section 14-219; and (3) reckless driving, in violation of General Statutes Section14-222.
In their claim for damages, plaintiffs claim compensatory damages, punitive damages, and double or treble damages, pursuant to Section 14-295 of the General Statutes.
Defendant has filed a motion to strike that portion of the complaint's prayer for relief as requests double or treble damages, now codified as General Statutes Section 14-295 (Rev'd. to 1989) which became effective October 1, 1988 and was in place at the time of the accident forming the basis of plaintiffs' complaint. The new section 14-295 reads:
 In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the CT Page 1139 trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property.
General Statutes Section 14-295 (Rev'd. to 1989).
Public Act 88-229 substituted "`trier of fact' for `the court' as the entity that is permitted to award multiple damages, thus presumably curing the constitutional defect." Romano v. Dobson Turf, Inc., 1 CtLR 476, 477 (July 16, 1990, Lewis, J.)
Defendant's motion to strike fails to consider the legislative response to Bishop. In fact, in his brief, Morin cites portions of section 14-295 which were deleted by Public Act 88-229. Therefore, defendant's motion to strike is denied.
KULAWIZ, Judge