[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
Facts CT Page 1690
The plaintiff, Debrah Caserta, brought this negligence action against the defendant, John Mongillo.
The following facts are alleged in the plaintiff's one count complaint filed on June 21, 1990. On October 7, 1988, the parties were involved in an automobile accident which caused the plaintiff to receive injuries. The plaintiff requested double or treble damages, pursuant to Conn. Gen. Stat. section 14-295.
The defendant filed a motion to strike the claim for double or treble damages on August 6, 1990. The defendant also filed a memorandum in support. The plaintiff filed a memorandum in opposition on August 16, 1990.
The defendant argues, in his memorandum in support of his motion to strike, that the Connecticut Supreme Court has held that Conn. Gen. Stat. section 14-295 is unconstitutional.
The plaintiff argues in her memorandum in opposition that the Supreme Court declared that old 14-295
unconstitutional. The plaintiff argues that the new 14-295
is constitutional and in effect at the time of the accident.
In Bishop v. Kelly, 206 Conn. 608 (1988), the Connecticut Supreme Court declared Conn. Gen. Stat. section14-295 unconstitutional because it left the power to decide multiple damages solely in the hands of the court. The Supreme Court felt it should be left in the hands of the trier of fact.
In response, the legislature enacted Public Act 88-229 (now Conn. Gen. Stat. section 14-295). This new, rewritten statute leaves it to the trier of fact to award double or treble damages. This statute went into effect on October 1, 1988. To this date, that public act is constitutional and in effect.
The accident in question occurred on October 7, 1988, six days after the public act went into effect. Therefore the plaintiff can request double or treble damages pursuant to Conn. Gen. Stat. section 14-295. The defendant's motion to strike is denied.
MANCINI, J.