[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant has filed the instant motion to strike the second count of the complaint as well as the prayer for relief insofar as it claims double and treble damages pursuant to Connecticut General Statutes 14-295. The basis for its motion is, though not cited in said motion, the case of Bishop v. Kelly, 206 Conn. 608, which found 14 unconstitutional.
In response to this case, the legislature passedPublic Act No. 88-229. The effective date of this act was October 1, 1988. The plaintiff's accident date is May 20, 1988 CT Page 3004 which is prior to the new public act taking effect.Public Act 88-229 is silent as to whether it is prospective or retroactive in its application.
"It is a rule of construction that legislation is to be applied prospectively unless the legislature clearly expresses an intention to the contrary." Moore v. McNamara,201 Conn. 16, 22. "In civil cases, unless considerations of good sense and justice dictate otherwise, it is presumed that procedural statutes will be applied retrospectively." Ibid., p. 2. . "Procedural statutes have been traditionally viewed as affecting remedies, not substantive rights, and therefore leave the preexisting scheme intact." Ibid., p. 22.
The court has examined all of the superior court decisions that have ruled on this issue and has reached the opinion that Public Act 88-229 is to be construed as prospective in its application.
Since the plaintiff's date of accident is prior to the effective date of the public act, the motion to strike should be granted.
Motion is granted.
WILLIAM J. McGRATH, JUDGE