[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO STRIKE (#109.50)
The instant litigation concerns an automobile accident which occurred on December 14, 1987.
Paragraph 3 of the claim for relief seeks double or treble damages pursuant to 14-295 C.G.S. The defendant has moved to strike said prayer for relief on the grounds that 14-295 C.G.S. was declared unconstitutional on March 22, 1988 and hence is inapplicable to the accident at issue.
The "old" 14-295 C.G.S. has indeed been declared unconstitutional Bishop v. Kelly, 206 Conn. 608, and as such is unenforceable. Bakelaar v. West Haven, 193 Conn. 59, 68.
Subsequent to the decision in Bishop, supra, the legislature enacted P.A. 88-229 apparently attempting to cure the vice in its predecessor, 14-295 C.G.S. CT Page 3545
Unless P.A. 88-229 is retrospective in application the plaintiffs may not prevail herein.
P.A. 88-229 deleted some statutes listed in 14-225 and added others. More importantly, however, said Public Act added language conditioning its application upon proof that the defendant "deliberately or with reckless disregard" operated a motor vehicle in violation of the statutes listed therein.
Further the Public Act added language defining degree of causation.
The general rule in construing statutes is that insofar as they affect substantive rights, the legislature is presumed to have intended that they should not apply to pending actions absent a clear legislative intent to the contrary. As concerns statutes which affect matters of procedure, however, the presumption is that they are intended to apply to all actions whether pending or not. Loew's Enterprises, Inc. v. International Alliance of T.S.E., 127 Conn. 415, 418; Moore v. McNamara, 201 Conn. 16, 22; Farricielli v. Personnel Appeal Board, 186 Conn. 198, 206; Enfield Federal Savings Loan v. Bissell, 184 Conn. 569, 571.Public Act 88-229 is silent as to whether it is prospective or retrospective in application.
The added dimension of proof that the operation in violation of the particular statutes was deliberate or reckless represents a change in substance as does the language relative to causation and hence the court concludes that P.A. 88-229 is not to be applied retrospectively.
Objection to Motion to Strike is overruled.
JOHN C. FLANAGAN, Judge