[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: OBJECTION TO MOTION TO STRIKE
The plaintiff brought this action to recover damages for injuries alleged to have been sustained by an automobile accident in which the automobile operated and co-owned by the defendant, Norman Carr, struck the automobile owned and operated by the plaintiff. There are two counts brought against both co-owners, the first in negligence and the second in a claim for double or treble damages under the provisions of G.S. 14-295. The non-operating co-owner moved to strike the second count as to her in that there is no vicarious liability provided by common law or statute for the punitive damages claimed. The plaintiff filed an objection to the motion to strike.
In ruling upon the motion to strike, the court is limited to the facts alleged and must construe them most favorable to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170. Although, at common law, to render the principal liable in exemplary damages for the acts of his agent, some misconduct beyond that which the law implies, must be shown, Maisenbacker v. Society Concondia; 71 Conn. 369, 379, G.S.52-183 provides: "In any civil action brought against the owner of a motor vehicle to recover damages for the negligence or reckless operation of the motor vehicle, the operator, if he is other than the owner of the motor vehicle, should be presumed to be the agent and servant of the owner of the motor vehicle and operating it in the course of his employment."
Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent. CT Page 10772 Bishop v. Kelly, 206 Conn. 608, 614-5. The relief pleaded by the plaintiff in the second count is pursuant to G.S. 14-295, the grounds of which is reckless conduct. Id., 615. The plaintiff has alleged that both defendants are co-owners of the motor vehicle alleged to have been recklessly operated and therefore the presumption of such defendants' liability for reckless operation is raised by G.S. 52-183.
For the above reasons, the motion to strike is denied and the objection thereto sustained.
CORRIGAN, J.