[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION MOTION TO STRIKE (#118)
On February 20, 1996, the plaintiff, Thelma Perkins, filed an amended complaint against the defendant, Colonial Cemeteries, Inc., d/b/a Fairfield Memorial Park. The plaintiff alleges that in March of 1993, the defendant was hired to handle her daughter's funeral arrangements. The plaintiff alleges that although her daughter's funeral took place at a location marked "gravesite #1", two days after the funeral, the plaintiff's daughter was moved from such location and was told by the defendant that she was at a location marked "gravesite #2". Thereafter, the plaintiff alleges that the defendant gave her the deed to her daughter's burial plot and such deed identified the burial sight as "gravesite #3". The plaintiff further alleges that when she returned to the cemetery, her CT Page 4074-T daughter's grave marker was at a location marked "gravesite #3". The plaintiff contends that in an effort to verify the location of her daughter's remains, she applied for a permit for the excavation and disinterment of gravesite #3 and through such excavation found her daughter's remains in "gravesite #3".
On March 4, 1996, the defendant filed a motion to strike counts two, alleging willful, wanton and reckless misconduct, and six, alleging intentional infliction of emotional distress, of the plaintiff's complaint, accompanied by a memorandum in support of its motion. On March 15, 1996, the plaintiff filed a memorandum in opposition to the defendant's motion to strike.
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 152. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel, 228 Conn. 358, 372-73,636 A.2d 786 (1994). It "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original)Mingachos v. CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." Novametrix Medical Systems, Inc. v. BOCGroup, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992).
The defendant argues that count two, alleging wilful, wanton and reckless misconduct, and count six, alleging intentional infliction of emotional distress, should be stricken on the ground that these counts repeat the same allegations in the negligence count, and plaintiff has failed to sufficiently plead factual allegations as to reckless and intentional acts.
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted; internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608,614, 539 A.2d 108 (1988). Furthermore, "a party may not merely reallege allegations contained in a claim of negligence, but rather must allege additional facts that demonstrate that the defendant's conduct was reckless." Martinez v. Ruffels, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 143078 (June 8, 1995, Lewis, J.). See also Chromium Process v.CT Page 4074-UYankee Gas Service, Superior Court, Judicial District of Ansonia/Milford at Milford, Docket No. 038532 (June 23, 1995, Comerford, J.) (holding that the mere reiteration of facts previously asserted to support a cause of action in negligence, without more, cannot be transformed into a claim of reckless misconduct by mere nomenclature).
The plaintiff repleads paragraphs 1-31 of the first count as a basis for her claim of reckless misconduct in the fifth count. However, the plaintiff also pleads the following additional facts: the defendant intentionally concealed the fact that there were problems with the initial burial site, the plaintiff was denied a map of the cemetery, the plaintiff was repeatedly treated and spoken to in a rude, nasty and insulting manner, all of the actions of the defendant were done intentionally and with a malicious motive to harm the plaintiff, and the actions were done in wilful, wanton and reckless disregard and violation of the duties of care that defendants owed to the plaintiff, and in wilful, wanton and reckless disregard of the probable injurious consequences of such conduct. (Plaintiff's amended complaint, Count 2). The plaintiff has pleaded sufficient facts to support a claim of reckless misconduct. The defendant's motion to strike count two is denied.
In order to prevail on a claim of intentional infliction of emotional distress, four elements must be established: "(1) the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) the conduct was extreme and outrageous; (3) the defendant's conduct was the cause of the plaintiff's distress; and (4) the emotional distress sustained by the plaintiff was severe." (Citations omitted; internal quotation marks omitted.) DeLaurentisv. New Haven, 220 Conn. 225, 266-67, 597 A.2d 807 (1991).
The plaintiff uses paragraphs 1-33 of the second count as a basis for her claim of intentional infliction of emotional distress. The facts in the second count are sufficient to show that the defendant's actions were intentional and malicious. Furthermore, the plaintiff further alleges that such actions and conduct of the defendant was extreme and outrageous and committed with malicious intent and/or wilful, wanton and reckless indifference to the plaintiff's rights. (Plaintiff's amended complaint, count six.). The plaintiff has sufficiently pleaded a cause of action of intentional infliction of emotional distress. The defendant's motion to strike count six is denied. CT Page 4074-V
Accordingly, for all the foregoing reasons, the defendant's motion to strike is denied.
KARAZIN, JUDGE