[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Richard H. Stroili, filed a four count complaint in negligence, driving at an unreasonable speed in violation of General Statutes § 14-218a, reckless driving in violation of General Statutes § 14-222 (a), and a claim for enhanced damages pursuant to General Statutes § 14-295, against the defendants, Zoila Contreras and Robert W. Selander. The plaintiff alleges that Contreras, while operating a motor vehicle owned by Selander, ran a red light and struck the vehicle CT Page 5256-M he was operating at an intersection in Stamford.
The defendants have filed a motion (#101) to strike counts two, three and four of the plaintiff's complaint on the ground that the plaintiff has not alleged sufficient facts to support a cause of action in recklessness under General Statutes §§14-218a, 14-222 (a) or 14-295, or a common law action in recklessness.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group. Inc.,224 Conn. 210, 214-5, 618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in the complaint. . . ." S.M.S.Textile v. Brown, Jacobson, Tillinghast, Lahan and King, P.C.,32 Conn. App. 786, 796, 631 A.2d 340 (1993). "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." Id. "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems v.BOC Group. Inc., Id., 215.
In count two the plaintiff has incorporated the negligence allegations in count one, and further alleges that Contreras "deliberately or recklessly" operated the motor vehicle in violation of §§ 14-218a prohibiting driving unreasonably fast and that such violation permits multiple damages in accordance with General Statutes § 14-295. The plaintiffs' allegation of recklessness is conclusory. Furthermore, merely alleging violation of "trigger statutes" enumerated in § 14-295 is insufficient to support a cause of action in recklessness. SeeBray v. Dademo, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 95-0146855 (January 2, 1996, Lewis, J.); LoRusso v. Neilson, Judicial District Stamford/Norwalk at Stamford, Docket No. 95-0144148 (July 6, 1995, Lewis, J.); Jimenez v. Schell, Superior Court, Judicial District of Stamford/Norwalk at Stamford, Docket No. 137265 (November 8, 1994, Lewis, J.). The Supreme Court has stated that General Statutes § 14-295 "incorporates standards that have CT Page 5256-N long been recognized at common law." Bishop v. Kelly, 206 Conn. 608,614, 539 A.2d 108 (1988). Moreover, the Appellate Court stated in Jack v. Scanlon, 4 Conn. App. 451, 455, 495 A.2d 1084, cert. dismissed, 197 Conn. 808, 499 A.2d 59 (1985), that "[a]wards of double or triple damages under § 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather such damages are assessed based on the degree of the defendant's culpability."
In count three the plaintiff asserts that Contreras operated "recklessly" in violation of General Statutes § 14-222 (a). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, supra, 206 Conn. 614-15. Again, the plaintiff has incorporated the allegations of negligence, then merely alleged legal conclusions of recklessness, and has not alleged any facts sufficient to support a cause of action in recklessness.
In regard to count four, the defendants have also moved to strike this count on the ground that the plaintiffs have failed to allege facts sufficient to support a cause of action under General Statutes § 14-222 (a) resulting in multiple damages under § 14-295. The plaintiff incorporates the allegations contained in paragraphs 1 through 11 of the fourth count into the fourth count, resulting in no factual allegations. Presumably the plaintiff intended to incorporate the factual allegations in the third count. However, because the cause of action in the third count under General Statutes § 14-222 (a) fails, and because merely alleging a violation of "trigger statutes" is insufficient to support a cause of action in recklessness and multiple recoveries under General Statutes § 14-295, the fourth count must fail as well. Accordingly, the defendants' motion to strike is granted as to counts two, three and four and the corresponding prayers for relief.
So Ordered.
Dated at Stamford, Connecticut this 13th day of August, 1996.
WILLIAM BURKE LEWIS, JUDGE CT Page 5256-O