[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE (#109) FACTS
The amended complaint alleges the following facts. The CT Page 11807 plaintiff, Lisa Reade, sold a laptop computer to the named defendant, Frank Cusano, for $800.00 sometime before June 6, 1996. Also prior to June 6, 1996, Cusano paid Reade $400.00 toward the purchase price of the computer. Thereafter, Cusano promised Reade that he would pay the balance of the purchase price sometime in the future. On or about June 6, 1996, Cusano, however, informed Reade that the balance of the purchase price would not be paid. As a result, Reade attempted to retrieve the computer from Cusano's possession, but Cusano prevented Reade from doing so by forcefully pushing and grabbing her, thereby causing her injuries and damages. Moreover, the aforementioned incident occurred on the premises of the defendant Metropolitan Property Casualty Insurance Company (Metropolitan), where both Reade and Cusano are employed.
The plaintiff's amended complaint further alleges that Cusano has had a history of violent outbursts, and that Metropolitan knew, or should of known about his behavior. The plaintiff also alleges that although Metropolitan was aware of Cusano's behavior, it consciously disregarded the safety of the plaintiff and others by failing to control and supervise Cusano. Further, the plaintiff claims that Cusano's purchase of the laptop computer was for use in his employment, and that he purchased the computer in furtherance of Metropolitan's business. Finally, the plaintiff alleges that Cusano's action in forcibly retrieving the laptop computer from the plaintiff was in furtherance of Metropolitan's business.
As a result of the foregoing, the plaintiff filed a complaint against the defendants on June 9, 1997. On September 2, 1997, however, the plaintiff filed an amended six count complaint. The first two counts are directed at Cusano and are not at issue here. The final four counts of the plaintiff's amended complaint directed at Metropolitan allege respectively: (3) "negligence [sic] supervision"; (4) "recklessness vs. [Metropolitan]"; (5) "respondent [sic] superior"; and (6) recklessness as to defendant, [Metropolitan]."
Presently, Metropolitan has moved to strike the four counts directed against it in the amended complaint.
 DISCUSSION
Metropolitan argues in support of its motion to strike counts three, four, five and six of the plaintiff's amended complaint CT Page 11808 that the plaintiff has failed to allege sufficient facts to support her causes of action. Therefore, the plaintiff's claims are legally insufficient and should be stricken as a matter of law.
The plaintiff argues in opposition to Metropolitan's motion to strike that she has alleged sufficient facts to support all four of her causes of action, and therefore the motion to strike should be denied in its entirety.
"The motion to strike . . . replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Citation omitted; internal quotation marks omitted.) RK Constructors, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief may be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United Technoloqies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Knight v. F. L. Roberts Co., 241 Conn. 466, 471,696 A.2d 1249 (1997). In reviewing a motion to strike, the court construes the facts alleged in the complaint in a light most favorable to the pleader. RK Constructors. Inc. v. Fusco Corp.,
supra, 231 Conn.
 I. Negligent Supervision
The Connecticut Appellate Court stated in Gutierrez v.Thorne, 13 Conn. App. 493, 499-500, 537 A.2d 527 (1988), that "allegations of a failure to exercise due care on the part of the defendant-each an independent claim of direct negligence-do not depend on a successful theory of vicarious liability under the doctrine of respondeat superior." Presently, the court finds that the plaintiff has sufficiently alleged facts that demonstrate Metropolitan's purported negligence in this action. Moreover, the plaintiff's allegations concerning Metropolitan's negligence are independent of any allegations of negligence on the part of Cusano. Accordingly, Metropolitan's motion to strike the third count of the plaintiff's amended complaint is denied.
 II. Recklessness
CT Page 11809
"Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly, 206 Conn. 608, 614-15,539 A.2d 108 (1988). When the allegations of the amended complaint are construed most favorably for the plaintiff, the court finds that the complaint sufficiently alleges facts to support the cause of action of recklessness. Accordingly, Metropolitan's motion to strike the fourth count of the amended complaint is denied.
 III. Respondeat Superior
"Under the doctrine of respondeat superior, a master is liable for the wilful torte of his servant committed within the scope of the servant's employment and in furtherance of his master's business." Glucksman v. Walters, 38 Conn. App. 140, 144,659 A.2d 1217, cert. denied, 235 Conn. 914, 665 A.2d 608 (1995). Moreover, "[a] master does not escape liability merely because his servant loses his temper while he is conducting the master's business." Id
The court finds that the plaintiff has sufficiently alleged facts to support her claim under the doctrine of respondeat superior, and Metropolitan's motion to strike the fifth count of the amended complaint is denied.
 IV. "Recklessness against Metropolitan"
"If an [employee acts] with apparent authority in furtherance of [an employer's] business, the employer's consent or ratification of the misconduct is irrelevant . . . even an innocent employer must compensate an injured party." (Internal quotation marks omitted.) Glucksman v. Walters, supra,38 Conn. App. 144-45. The court, however, finds that the plaintiff has failed to allege sufficient facts to support its sixth claim for "recklessness against Metropolitan," and therefore Metropolitan's motion to strike the sixth count of the plaintiff's amended complaint is granted. CT Page 11810
In conclusion, Metropolitan's motion to strike counts three, four and five of the amended complaint is denied. Metropolitan's motion to strike count six of the amended complaint is granted.
BY THE COURT
Sandra V. Leheny Judge of the Superior Court