[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendants, Eleni Tsilfidis and Helen Tsilfidis, have filed a motion (#102) to strike the second and third counts of the complaint by the plaintiff, Roy Colley. This motion is authorized by Practice Book § 10-39 if a party wishes to contest "the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." In ruling on a motion to strike, "[t]he court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997).
The complaint is in three counts. In the first count, the plaintiff alleges that the defendant Eleni Tsilfidis was operating a motor vehicle in Norwalk which was owned by the defendant Helen Tsilfidis. The plaintiff further alleges that he sustained personal injuries when the defendant operator "made a left — hand turn across the eastbound lanes of travel" and collided with the vehicle driven by the plaintiff. The plaintiff claims that the collision and resulting injuries were caused by the negligence of the defendant driver in a number of ways, both statutory and common law. Among other statutes which the plaintiff cites, he claims that the defendant operator violated General Statutes § 14-218a, which prohibits driving unreasonably fast.
In the second count, the plaintiff alleges that the defendant operated her vehicle recklessly and violated either or both General Statutes §§ 14-218a and 14-222, which prohibit driving at a rate of speed which endangers the lives of others. The plaintiff further alleges in this count that such reckless conduct was a substantial factor in causing him to be injured. The plaintiff seeks damages pursuant to General Statutes § 14-295, which permits double or treble damages upon proof of a violation of one of the so — called trigger statutes listed within § 14-295, which include the two alleged by the plaintiff. CT Page 13973
In the third count of the complaint, the plaintiff alleges that the defendant operated her vehicle with deliberate and reckless disregard of the rights of others in violation of her common — law responsibilities, and again invokes General Statutes §§ 14-218a and14-222.
The defendants correctly point out that in 1994, this court granted a motion to strike in an unrelated case involving General Statutes §14-295 where, in effect, the plaintiff repeated the allegations of the negligence count in a count claiming recklessness. However, in more recent years, this court has changed its opinion and now believes that a plaintiff need only allege a statutory violation enumerated in § 14-295, and that such violation was a substantial factor in causing injuries to the plaintiff. The plaintiff in this case has made these allegations, and thus the motion to strike the second count is denied.
With regard to the third count, the defendants claim that the allegations do not set forth a cognizable cause of action. General Statutes § 14-295 "incorporates standards that have long been recognized at common law. . . . Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Citations omitted; internal quotation marks omitted.) Bishop v. Kelley, 206 Conn. 608, 614-15,539 A.2d 108 (1988).
In the third count, the plaintiff alleges that the defendant operator acted with deliberate or reckless disregard of others using the roadway by violating one or both of the two statutes mentioned previously, viz., General Statutes §§ 14-21 8a and 14-222. Thus, the plaintiff had specifically alleged facts which, if proven, set forth reckless operation within the scope of the common law. Accordingly, the defendants' motion to strike the third count is denied.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of October, 2001.
William B. Lewis, Judge T. R.