[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Jeffrey Yates, filed a two count complaint seeking damages for injuries he allegedly sustained in an automobile accident. According to the complaint, at all relevant times Aaron Crumley (Crumley) was the driver of the motor vehicle owned by the defendant, Karen Juvonen (Juvonen). The first count sounds in negligence and the second in recklessness.
The following pertinent facts are alleged in the plaintiff's complaint. On or about April 1, 1999, the plaintiff was operating a vehicle in Bethel, Connecticut when the vehicle driven by Crumley collided with the plaintiffs automobile causing injuries and damages. The plaintiff alleges that he suffered painful, permanent, severe and disabling physical and mental injuries as a result of the accident. In the first count, the plaintiff attributes his injuries and damages to Crumley's negligent and careless operation of the vehicle.
The second count of the complaint incorporates allegations from the first count with the exception of the specific allegations of Crumley's acts of carelessness and negligence. In the second count, however, the plaintiff adds twelve different acts by Crumley that the plaintiff claims were done "deliberately or with reckless disregard."[1] The second count further alleges that Crumley's heedless and reckless disregard for CT Page 15783 the safety of the plaintiff was a substantial factor in causing the plaintiff's injuries.
The defendants have filed a motion to strike count two of the plaintiff's complaint and the corresponding prayers for common law punitive damages and double or treble damages pursuant to General Statutes § 14-295 on the ground that the plaintiff makes legal conclusions that the defendants' conduct was reckless and/or deliberate without alleging specific reckless and/or deliberate conduct. The plaintiff filed an objection to the motion, in which he argues that in order to assert a claim for recklessness under § 14-295, he is not required to plead with the level of specificity that is necessary to properly plead common law negligence and recklessness. The plaintiff further argues that by alleging that Crumley violated at least one of the statutes enumerated in § 14-295, and that such violation was a substantial factor in causing the plaintiffs injuries, he has sufficiently complied with the pleading requirements of the statute. Additionally, the plaintiff argues that he has sufficiently alleged a common law cause of action for recklessness.
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint . . . or (2) the legal sufficiency of any prayer for relief . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike . . . does not admit legal conclusions or the truth or accuracy of opinions stated in the legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Id., 588.
General Statutes § 14-295 provides in relevant part that: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-239 or 14-240a, and that such violation was a substantial factor in causing such injury. . . ." An award of double or treble damages is appropriate when the defendant has deliberately, or with reckless disregard, violated one of the statutes enumerated in § 14-295.Bishop v. Kelly, 206 Conn. 608, 614, 539 A.2d 108 (1988). The issue presently before this court is what a plaintiff must allege to CT Page 15784 sufficiently plead a cause of action under § 14-295.
The Connecticut Supreme and Appellate Courts have not indicated what facts a plaintiff must plead to establish a cause of action under §14-295. Review of the case law, reveals that there is a split of authority in the Superior Court regarding the pleading requirements of § 14-295. One line of cases, holds that under the statute, a plaintiff must plead the specific facts that would constitute recklessness[2] at common law. McGuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chatterton v. Infinity Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 64615 (October 1, 1999, Arnold, J.). The second line of cases holds that a plaintiff need only allege that the defendant violated an enumerated statute deliberately or with reckless disregard and that such violation was a substantial factor in causing plaintiff's injuries. Chieffo v.Yanielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.). Erdman v. Dowdy, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360603 (March 29, 2000, Skolnick, J.).
In the present case, the plaintiff alleges that Crumley operated the motor vehicle with reckless disregard, in violation of §§ 14-218a and14-219, two sections which are enumerated in § 14-295. The plaintiff further alleges that Crumley's reckless disregard for his safety was a substantial factor in causing the plaintiff's injuries. Thus, this court finds that the plaintiff has complied with the statutory pleading requirements set forth in the second line of cases.
Moreover, the plaintiff, alleges that said violations of §§ 14-218a
and 14-219 result from Crumley "deliberately or with reckless disregard . . . operating said motor vehicle at rates of speed greater than is reasonable having regard to the width, traffic, and use of highway. . . ." (Plaintiff's Complaint, ¶ 13(f)). Such language satisfies the statutory requirement established by the first line of cases which require that the plaintiff plead facts constituting common law recklessness. See Mascia v. Brewer, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149293 (January 6, 1997, D'Andrea, J.); Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174082 (November 20, 2000, D'Andrea, J.). Accordingly, this court holds that the plaintiff has complied with the statutory pleading requirements for § 14-295 established in both line of cases.
With regard to the plaintiffs prayer for punitive damages under the CT Page 15785 common law for recklessness, the defendants argue that this prayer should be stricken because the plaintiff does not allege specific facts or conduct that would rise to the level of recklessness. The plaintiff counters by asserting he properly pleaded a cause of action for both statutory and common law recklessness. Because the plaintiff has complied with the specificity imposed by the line of cases requiring that he plead facts sufficient for a finding of common law recklessness, it follows that his prayer for common law punitive damages also survives the defendant's motion to strike.
In light of the foregoing, the defendants' motion to strike the second count of the plaintiffs complaint and corresponding prayer for common law punitive damages and double or treble damages is hereby denied.
So Ordered.
D'ANDRE, J.T.R.