[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff, Luis Collaguazo, filed a two count complaint against the defendant, Ichung Hsu, seeking damages for personal injuries he allegedly sustained in an automobile collision. The first count is a negligence claim. In the second count, the plaintiff alleges that the defendant acted recklessly in violation of General Statutes § 14-218a.[1] In the prayer for relief, the plaintiff seeks monetary damages as well as double or treble damages pursuant to General Statutes § 14-295.
In the complaint, the plaintiff alleges the following relevant facts. At the time of the accident, the vehicle that the plaintiff was operating became disabled in the center lane of Interstate 95 through a previous, unrelated collision. The defendant was operating his vehicle in the same lane. In the first count, the plaintiff alleges that the defendant was negligent and careless as follows: (a) the failed to keep a proper and reasonable lookout for other vehicles; (b) he failed to keep his vehicle under proper and reasonable control; (c) he operated his vehicle at an excessive and unreasonable speed, in violation of Section 14-218a of the Conn. General Statutes; (d) in that he failed to turn his motor vehicle so as to avoid a collision, although he reasonably could and should have done so; (e) he failed to timely use his brakes or braking mechanism to avoid the collision; (f) he failed, as alleged above, to exercise reasonable care under the circumstances.
Count two, which is the target of the defendant's motion to strike, incorporates paragraphs in count one detailing the circumstances of the collision and alleges that the defendant "deliberately or with reckless disregard operated [his vehicle] in violation of § 14-218a of the Conn. General Statutes, in that he traveled at an unreasonably fast rate of speed, given roadway and traffic conditions." (Complaint, count two, ¶ 5.) The plaintiff further claims that the defendant's violation of § 14-218a was a substantial factor in causing the plaintiffs injuries and losses. CT Page 16284
On July 15, 2002, the defendant filed a motion to strike the second count of the complaint and the plaintiffs prayer for double or treble damages on the ground that count two contains only conclusory allegations that the defendant's conduct was reckless and/or deliberate and does not specifically inform the court and the defendant as to what conduct the plaintiff relies upon to support a claim for double/treble damages pursuant to General Statutes § 14-295. Instead, according to the defendant, the plaintiff merely realleges the same conduct on which he relies in count one and characterizes it as being reckless. The defendant claims that the plaintiff has not pleaded sufficient facts to advise the court and the defendant how the defendant's actions were reckless and violated the same statute. The defendant concludes that because "[t]he plaintiff has failed to sufficiently plead a statutory recklessness cause of action . . . the motion to strike the second count of the complaint should be granted." On July 22, 2002, the plaintiff filed an objection to the motion to strike and a memorandum in support thereof. The plaintiff argues that he has adequately pleaded a cause of action for recklessness under § 14-295.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court. . . . [The trial court must] construe the complaint in the manner most favorable to sustaining its legal sufficiency. . . . Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly." (Citation omitted; internal quotation marks omitted.) Macomber v. Travelers Property Casualty Corp.,261 Conn. 620, 629, 804 A.2d 180 (2002). While "[a] motion to strike admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in CT Page 16285 violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234,14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property." The issue before this court is to what degree of specificity a plaintiff must plead to sufficiently assert a cause of action for which double or treble damages would be recoverable under General Statutes § 14-295. Connecticut's appellate courts have not addressed this issue, and a split of authority exists at the trial court level.
The split arises from different statutory constructions the court has given to the terms of the statute, particularly, what is meant by the phrase "specifically pleaded." "One line of cases holds that under [§14-295], a plaintiff must plead the specific facts that would constitute recklessness at common law. McQuire-Kelley v. Sciuto, Superior Court, judicial district of New Haven at New Haven, Docket No. 428860 (October 1, 1999, Devlin, J.); Chatterton v. Infinity Ins. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 64615 (October 1, 1999, Arnold, J.).[2] The second line of cases holds that a plaintiff need only allege that the defendant violated an enumerated statute deliberately or with reckless disregard and that such violation was a substantial factor in causing plaintiffs injuries.[3] Chieffo v.Yanielli, Superior Court, judicial district of Waterbury, Docket No. 159940 (January 29, 2001, Doherty, J.); Erdman v. Dowdy, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 360603 (March 29, 2000, Skolnick, J.)." Yates v. Crumley, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. CV 01 0183507 (November 29, 2001, D'Andrea, J.T.R.).
In this case, the plaintiff has complied with the requirements delineated in both lines of cases. Specifically, the plaintiff alleges that the defendant operated his motor vehicle with deliberate or reckless disregard in violation of § 14-218a, a violation for which double or treble damages may be available under § 14-295, and that the violation of § 14-218a was a substantial factor in causing the plaintiffs injuries and damages. The plaintiff has, essentially, mimicked the language of § 14-295, and thus, under the second line of cases, has pleaded with sufficient specificity.
As to the standard under the first line of cases, the Supreme Court has defined common law recklessness as "a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable CT Page 16286 precautions to avoid injury to them." (Citations omitted; internal quotation marks omitted.) Dubay v. Irish, 207 Conn. 518, 532, 542 A.2d 711
(1988). "Recklessness requires a conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) Bishop v. Kelly,206 Conn. 608, 614, 539 A.2d 108 (1988). "`[R]eckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Dubay v. Irish, supra, 207 Conn. 533.
In count two, the plaintiff realleges the allegations of count one in which he claims that his vehicle was disabled and stopped in the center lane of Interstate 95. This is certainly a situation where a high degree of danger is apparent. The plaintiff alleges that the defendant, while trying to pass the plaintiffs vehicle, caused his vehicle to strike the left side of the plaintiffs vehicle. He further alleges that the defendant violated § 14-218a by operating his vehicle at "an unreasonably fast rate of speed, given roadway and traffic conditions." Thus, the plaintiff alleges sufficient facts for the court to infer that the defendant engaged in highly unreasonable conduct involving an extreme departure from ordinary care, where a high degree of danger was apparent. These allegations, when construed in the light most favorable to the plaintiff, are sufficient to support a cause of action for common law recklessness.[4] See Mascia v. Brewer, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149293 (January 6, 1997, D'Andrea, J.); Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174082 (November 20, 2000,D'Andrea, J.); Yates v. Crumley, supra, Superior Court, Docket No. CV 01 0183507.
Because the allegations contained in the second count of the complaint are sufficient to support both a cause of action for recklessness under the common law or for double or treble damages under General Statutes § 14-295, the motion to strike the second count and the corresponding prayer for double or treble damages under § 14-295 is denied.
BY THE COURT
___________________ D'ANDREA, J.T.R. CT Page 16287