[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Edward Schwartz (Schwartz), filed a two count complaint against the defendants, Hip Wong (Wong) and Great Future Corporation (GFC) (collectively, the defendants), seeking damages for personal injuries allegedly sustained in an automobile accident. According to the complaint, at all relevant times Wong was the driver of a vehicle owned by GFC and operated by Wong in the course of his agency or employment, with the permission of GFC. In the first count of the complaint, Schwartz alleges a cause of action for negligence, and in the second count, Schwartz alleges that Wong operated a motor vehicle deliberately and with reckless disregard, in violation of General Statutes § 14-240 (a).[1]
Schwartz's prayer for relief includes monetary damages as well as double or treble damages pursuant to General Statutes § 14-295.[2]
CT Page 5428
The defendants filed a motion to strike the second count and the corresponding prayer for double or treble damages under General Statutes § 14-295 on the grounds that: (1) Schwartz failed to sufficiently allege reckless or intentional conduct so as to support a cause of action for recklessness; and (2) with respect to GFC, the statutory damages sought by Schwartz are not imputable to an employer who is the owner of a vehicle.
Schwartz's complaint alleges the following pertinent facts. On September 17, 1999, Schwartz was the driver of a vehicle that was proceeding northbound on a public highway near an intersection in Norwalk, Connecticut. At the intersection, an overhead traffic light was turning red for traffic proceeding in the same direction as Schwartz's vehicle. At that time and place, a vehicle owned by GFC and driven by Wong collided into the rear of Schwartz's vehicle causing Schwartz to sustain injuries. The collision was due to Wong, who deliberately and with reckless disregard, operated a motor vehicle in violation of General Statutes § 14-240 (a), in that he was following Schwartz's vehicle "more closely than was reasonable and prudent, having regard for the speed of such vehicles, the traffic upon and the condition of the highway and weather conditions, and such violation was a substantial factor in causing [Schwartz's] injuries . . ." (Complaint, count two, ¶ 5.)
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaints . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998); Practice Book § 10-39. "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori,236 Conn. 820, 825, 676 A.2d 357 (1996). "[T]he court must accept as true the facts alleged in the complaint." Pamela B. v. Ment, 244 Conn. 296,325, 709 A.2d 1089 (1998). However, a motion to strike "does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).
"The role of the trial court [is] to examine the [complaint], construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Brackets in original.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997). "Thus, [i]f facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Brackets in original.)Pamela B. v. Ment, supra, 244 Conn. 308. In addition, a party may use a CT Page 5429 motion to strike to attack the legal sufficiency of a prayer for relief. Practice Book § 10-39(a)(2). A court may strike a claim for relief "only if the relief sought could not be legally awarded." Id., 325.
The defendants argue that the facts alleged in the second count of the complaint are insufficient to support either a common law or statutory recklessness cause of action and therefore, the second count must be stricken. The defendants argue that the allegations set forth in the second count are conclusory in that they do not give the court or the defendants any notice as to what conduct constituted unreasonably fast or reckless driving on the part of Wong.[3] The defendants maintain that in order for a recklessness count to support a prayer for double or treble damages under General Statutes § 14-295, the recklessness count must sufficiently allege a cause of action for recklessness under the common law as well as under one of the statutes enumerated in §14-295.
In opposition, Schwartz relies on the case of Mascia y. Brewer, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 149293 (January 6, 1997, D'Andrea, J.). Schwartz argues that according to Mascia, in order to sufficiently plead a claim for double or treble damages under General Statutes § 14-295, a plaintiff may allege that a defendant operated a motor vehicle with reckless disregard in violation of a statute enumerated in General Statutes § 14-295 and that the defendant's reckless disregard was a substantial factor in causing the plaintiffs injuries. Schwartz argues that his allegations are sufficient under the standard employed in Mascia and therefore, they sufficiently support a claim of recklessness and damages under General Statutes § 14-295.
"Recklessness is a state of consciousness with reference to the consequences of one's acts. . . . It is more than negligence, more than gross negligence. . . . The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . ." (Citations omitted; internal quotation marks omitted.) Dubayv. Irish, 207 Conn. 518, 532, 542 A.2d 711 (1988). Recklessness requires a "conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man." Bishop v. Kelly,206 Conn. 608, 614, 539 A.2d 108 (1988). Reckless conduct is highly unreasonable conduct, involving an extreme departure from ordinary care, where a high degree of danger is apparent. Dubay v. Irish, supra,207 Conn. 533. CT Page 5430
The appellate courts have not indicated what facts a plaintiff must plead in order to establish a cause of action pursuant to General Statutes § 14-295, and there is a split of authority in the Superior Court on this issue. The first line of Superior Court cases requires a plaintiff to plead specific facts to support a claim of recklessness at common law in addition to alleging a violation of one of the enumerated statutes in § 14-295. See, e.g., Pitka v. Ullrich, Superior Court, judicial district of New London at New London, Docket No. 530000 (November 16, 1994, Austin, J.) (13 Conn.L.Rptr. 32) (simple allegation that defendant deliberately or recklessly violated certain motor vehicle statutes is insufficient to support claim under § 14-295); Lezotte v. HanoverIns. Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 112067 (January 6, 1993, Sylvester, J.) (8 Conn.L.Rptr. 199, 200) (same); Gaudet v. Ziobran, Superior Court, judicial district of Middlesex at Middletown, Docket No. 061126 (June 10, 1992, Austin, J.) (6 Conn.L.Rptr. 862) (same).
The second line of cases holds that a plaintiff must only allege that the defendant violated one or more of the motor vehicle statutes enumerated in § 14-295 and that this violation was a substantial factor in causing the plaintiffs injuries. See, e.g., Nelson-Hlebogiannisv. Lee, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 167571 (May 17, 1999, Hiller, J.); Price v. PaccarLeasing Corp., Superior Court, judicial district of New London at New London, Docket No. 538888 (February 19, 1997, Booth, J.); St. George v.Connecticut Car Rental Co., Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 554923 (February 27, 1996,Spada, J.). See also Jennings v. Vega, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 174082 (November 20, 2000,D'Andrea, J.) (allegation of deliberate or reckless operation of motor vehicle in violation of statute enumerated in § 14-295 and that such violation was substantial factor in causing plaintiffs injuries sufficiently states cause of action under § 14-295, even under line of cases demanding greater specificity in pleading); Mascia v. Brewer, supra, Superior Court, Docket No. 149293 (same); Castillo v. Caporani, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 329702 (April 12, 1996, Pickett, J.) (same).
This court finds that the allegations contained in the second count of the complaint, even when construed in the light most favorable to Schwartz, are insufficient to support a cause of action for recklessness under the common law. Schwartz does not allege a sufficient factual predicate for the court to infer that Wong engaged in highly unreasonable conduct involving an extreme departure from ordinary care, where a high degree of danger was apparent. See Dubay v. Irish, supra, 207 Conn. 533. Nor does Schwartz allege facts tending to show that Wong undertook a CT Page 5431 conscious choice of a course of action either with knowledge of the serious danger to others involved in it or with knowledge of facts that would disclose this danger to any reasonable man. See Bishop v. Kelly, supra, 206 Conn. 614. Although Schwartz does allege that Wong operated a motor vehicle "deliberately" and with "reckless disregard," the court, in ruling on a motion to strike, does not admit such legal conclusions stated in the pleadings. See Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
Furthermore, this court finds that the allegations contained in the second count are insufficient to support a claim for double or treble damages under General Statutes § 14-295, even under the line of cases requiring lesser specificity in pleading statutory recklessness,[4]
because Schwartz has failed to plead a violation of any statute enumerated in General Statutes § 14-295. Although Schwartz does allege a violation of General Statutes § 14-240 (a),[5] this statute is not enumerated in § 14-295.[6] Consequently, the allegations in Schwartz's second count are insufficient to support a cause of action or claim for double or treble damages under § 14-295.
Since the allegations contained in the second count of the complaint are insufficient to support either a cause of action for recklessness under the common law or for double or treble damages under General Statutes § 14-295, the motion to strike the second count and the corresponding prayer for double or treble damages under § 14-295 is hereby granted. Consequently, the court finds that it need not reach GFC's argument that such damages may not be imposed vicariously upon the employer who is the owner of a motor vehicle.[7]
In summary, the defendants' motion to strike the second count and the corresponding prayer for double or treble damages is granted.
So Ordered.
D'ANDREA, J.